EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Mitsubishi Motor Sales of Caribbean, Inc.<br><br>Apelante<br><br>v.<br><br>Lunor, Inc. y otros<br><br>Apelados | 2023 TSPR 110<br><br>212 DPR ___ |

Número del Caso: AC-2020-0082


Fecha: 12 de septiembre de 2023


Tribunal de Apelaciones:

    Panel I


Abogados de la parte apelante:

    Lcdo. James Belk-Arce
    Lcdo. Carlos J. Grovas Porrata


Abogado de la parte apelada:

    Lcdo. Israel Roldán González


Materia: Procedimiento Civil – Si la sanción de la eliminación de las alegaciones que dispone la Regla 34.3 (b) (3) de Procedimiento Civil permite que la parte demandada sancionada presente prueba en el juicio para refutar los méritos de las alegaciones de la parte demandante.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Mitsubishi Motor Sales of
Caribbean, Inc.

     Apelante

       v.                    AC-2020-0082

Lunor, Inc. y otros

     Apelados

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

En San Juan, Puerto Rico a 12 de septiembre de 2023.

En esta ocasión tenemos la oportunidad de analizar si la sanción de la eliminación de las alegaciones que dispone la Regla 34.3(b)(3) de Procedimiento Civil, 32 LPRA Ap. V permite que una parte demandada así sancionada pueda presentar prueba en el juicio para refutar los méritos de las alegaciones de la parte demandante o si, por el contrario, procede que el foro de instancia aplique las disposiciones de la Regla 45.2(b) de Procedimiento Civil, 32 LPRA Ap. V concernientes al trámite en rebeldía.

Por los fundamentos que expondremos, resolvemos que una vez dictada la orden sobre la eliminación de **todas** las alegaciones que dispone la Regla 34.3(b)(3) de

Procedimiento Civil, procede que el Tribunal de Primera Instancia declare a la parte demandada en rebeldía y continúe los procedimientos según todas las disposiciones, efectos y la norma jurisprudencial concernientes a la rebeldía. Por lo tanto, a excepción del importe de los daños reclamados, la parte demandada no podrá presentar prueba para impugnar los méritos de la demanda.

I

Allá para el 2002, Mitsubishi Motors Sales of Caribbean, Inc. (el peticionario) presentó una causa de acción contra, entre otros, el Sr. José Julio Feliciano Prieto, la Sra. Arelys Concepción Lorenzo y la Sociedad Legal de Gananciales compuesta entre ellos y contra el Sr. Gustavo E. Guilbe Ortiz, la Sra. Sonia E. Ortiz Ruiz y la Sociedad Legal de Gananciales compuesta entre ellos (los recurridos).

Durante la etapa de descubrimiento de prueba entre el peticionario y los recurridos se desató una controversia con relación a la producción de documentos que duró varios años. En diversas instancias el tribunal le advirtió a los recurridos de las consecuencias de incumplir con las órdenes para descubrir prueba e incluso les impuso sanciones económicas. Para el 2014, el peticionario solicitó al foro de instancia la eliminación de las alegaciones de los recurridos, la anotación de la rebeldía, la prohibición de oponerse o de presentar prueba en oposición de las alegaciones del peticionario, para que se tomaran como probados los hechos alegados en la demanda y que se dictara sentencia en rebeldía en contra de los recurridos.

Luego de los correspondientes apercibimientos, la imposición de sanciones económicas y evaluada las posturas de las partes, el tribunal de instancia sancionó a los recurridos con la eliminación de todas las alegaciones mediante *Resolución* de 9 de febrero de 2015 (*Resolución de 2015*). En específico, la *Resolución de 2015* determinó que, conforme a la Regla 34.3(d) de Procedimiento Civil los recurridos incurrieron en expoliación de evidencia. Antes de rendir el dictamen con relación a la solicitud del peticionario, y al cuestionarse sobre cuál era el remedio apropiado, el Tribunal de Primera Instancia expresó lo siguiente:

> Hay elementos subjetivos de intención, actuación, propósitos mentales y otros factores que mueven a este tribunal [a] denegar la petición de [la] parte demandante de anotar [la] rebeldía y dictar sentencia a los co-demandados, tampoco queda convencido este Tribunal [de que] proceda dar por probado el pleito, menos prohibir a los demandados presentar prueba en oposición a las reclamaciones incoadas por Mitsubishi Motors Sales of Caribbean. No obstante, concluye este Tribunal [que] la parte demandada ha menospreciado el proceso de descubrir prueba, faltando a la diligencia e incumpliendo con las múltiples órdenes de este Tribunal dada por los varios jueces que han atendido este asunto desde el año 2002.
>
> Por tanto, se ordena y quede ordenado la eliminación de todas las alegaciones de la parte demandada a todos los efectos legales y sobre todas las controversias objeto de este litigio.[1]

Los recurridos acudieron ante el Tribunal de Apelaciones para revisar la *Resolución de 2015* y, al no tener éxito, impugnaron la determinación ante este Tribunal. Así las cosas, mediante *Sentencia* de 27 de septiembre de 2018 (*Sentencia de*

---

[1] *Apelación*, Apéndice, págs. 119-120, *Resolución* de 9 de febrero de 2015 (*Resolución de 2015*). Valga señalar que el Juez Superior que emitió la Resolución de 2015 fue el Hon. Miguel Trabas Cuevas.

*2018*),[2] confirmamos el dictamen del foro apelativo intermedio. Resolvimos que los foros *a quo* no abusaron de su discreción al excluir todas las alegaciones tras la actitud de indiferencia y el menosprecio constante de los recurridos de acatar las órdenes del foro primario para descubrir la prueba y haber incurrido en expoliación.[3]

Devuelto el caso al tribunal de instancia, las partes interpretaron de manera distinta el alcance de la *Resolución de 2015*. Por un lado, el peticionario alegó que la eliminación de todas las alegaciones impedía que los recurridos presentaran prueba a su favor o defensa. Por su parte, los recurridos plantearon que la *Resolución de 2015* reconoció que estos podían presentar prueba en oposición a los méritos de las reclamaciones del peticionario y que con la sanción de la supresión total de las alegaciones este tiene la obligación de presentar prueba sobre todos los elementos de las causas de acción. El 11 de febrero de 2020 el foro de instancia emitió una *Resolución* (*Resolución de 2020*) mediante la cual, luego de evaluar nuestra *Sentencia*, determinó lo siguiente:

> Luego del trámite procesal antes enunciado y tras un acucioso examen de la sentencia dictada por el más alto foro, este tribunal aclara que los esposos codemandados Feliciano-Concepción y Guilbe Ortiz, y sus respectivas sociedades legales de bienes gananciales, están impedidos de presentar prueba y defensas a su favor, ello ante la realidad inescapable de que sus alegaciones le fueron eliminadas y a lo único que tendrían derecho es a contrainterrogar a la parte demandante en la vista en rebeldía que en su día ha de

---

[2] *Mitsubishi Motors Sales of Caribbean, Inc v. Lunor y otros*, CC-2016-0557, *Sentencia*, Apéndice, págs. 131-162.

[3] Este Tribunal concluyó que los recurridos tenían el deber afirmativo de custodiar los documentos solicitados y aquellos que pudiesen estar relacionados con la causa de acción, según lo dispone el ordenamiento jurídico procesal.

tener efecto. Igual suerte han de tener en cuanto a la demanda de coparte instada por el codemandado Milton Sánchez Ramos, toda vez que ya el tribunal les había anotado la rebeldía. Tanto la contestación a la demanda de coparte como la reconvención de los esposos Feliciano-Concepción y Guilbe Ortiz contra Milton Sánchez Ramos, se tendrían por no presentadas.[4]

Los recurridos solicitaron la reconsideración del dictamen y señalaron que el foro primario les impuso una nueva sanción a la previamente impuesta, toda vez que en la *Resolución de 2015* no se les anotó la rebeldía. Posteriormente, y a solicitud del peticionario, el foro de instancia emitió una *Resolución Nunc Pro Tunc* a los fines de establecer que continuarían los procedimientos en rebeldía en cuanto a los recurridos.

En desacuerdo, los recurridos acudieron al Tribunal de Apelaciones y reiteraron los planteamientos esbozados en el tribunal de instancia en cuanto a los efectos de la rebeldía, la obligación de la parte demandante de presentar prueba sobre todos los elementos de la causa de acción y la facultad de los recurridos de presentar prueba para refutar los méritos de la demanda. Ante este cuadro, los recurridos argumentaron que, mediante la *Resolución de 2020*, el foro de instancia violó la ley del caso al declarar la rebeldía y, con ello, modificar injustamente las providencias de la *Resolución de 2015*.

El foro apelativo intermedio revocó al tribunal de instancia y dispuso que los efectos de la anotación de rebeldía *no son sinónimos ni tienen las mismas consecuencias* que acarrean

---

[4] *Apelación*, Apéndice, pág. 168.

la eliminación de todas las alegaciones.[5] Antes de concluir que

el foro recurrido erró al modificar y que violó la ley del caso

de la *Resolución de 2015*, el Tribunal de Apelaciones distinguió

ambas figuras de la manera siguiente:

> Una anotación de rebeldía conlleva el que se den
> por admitidos todos los hechos bien alegados en la
> demanda, *quedando la parte en rebeldía impedida de
> presentar prueba, teniendo que limitarse a
> contrainterrogar o presentar planteamientos de derecho.*
> Por su parte, la eliminación de las alegaciones conlleva,
> por ejemplo, *la eliminación de toda posible defensa
> afirmativa, pero permite presentar prueba que refute los
> méritos de la reclamación de la otra parte.[6]*

Inconforme, el peticionario acudió ante esta Curia y

señaló que el Tribunal de Apelaciones erró en la interpretación

de la *Resolución de 2015* en cuanto a los efectos de la anotación

de rebeldía y de la eliminación de todas las alegaciones. Luego

de haber expedido el recurso, contar con la comparecencia de

ambas partes y de analizar sus posturas, pasemos a resolver la

controversia que nos ocupa.

## II

A lo largo de la existencia del ordenamiento procesal

civil en nuestra jurisdicción, los tribunales han estado

facultados para imponer una serie de sanciones contra aquella

parte que incumpla una orden del tribunal.[7] Las sanciones son un

mecanismo procesal que permite a los tribunales imponer su

---

[5] *Sentencia del Tribunal de Apelaciones*, Apelación, Apéndice, págs. 196.

[6] *Sentencia del Tribunal de Apelaciones*, Apelación, Apéndice, págs. 196-197.

[7] *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, 205 DPR 689, 699 (2020).

jurisdicción, autoridad y pronunciamientos.[8] Estas tienen el objetivo de incitar a una parte a que responda con prontitud con el fin de alcanzar la solución justa, rápida y económica de los casos y que las controversias se puedan atender en los méritos.[9] En ese sentido, el poder inherente de los tribunales para imponer sanciones permite la flexibilidad para escoger la sanción y ajustarla a los hechos, a la causa de acción de que se trate y al propósito que se persigue.[10]

*A. Regla 34 de Procedimiento Civil*

La Regla 34 de Procedimiento Civil establece el procedimiento que las partes y el tribunal deben seguir ante una controversia relacionada al descubrimiento de prueba[11] y postula las consecuencias para la parte que se rehúsa a cumplir con una orden del tribunal de instancia al respecto. La negativa de obedecer una orden para descubrir prueba está regulada por la Regla 34.3(b)(3) de Procedimiento Civil y, en lo pertinente, establece lo siguiente:

> (a) Desacato.[…]

---

[8] *In re Collazo I*, 159 DPR 141, 150 (2003); *E.L.A. v. Asociación de Auditores*, 147 DPR 669, 681 (1999); *Pérez Pascual v. Vega Rodríguez*, 124 DPR 529, 535 (1989); *Sterzinger v. Ramírez*, 116 DPR 762, 787 (1985).

[9] *Valentín v. Mun. de Añasco*, 145 DPR 887, 896 (1998)( "Sanctions are intended to prompt a party to respond"); *Amaro González v. First Fed. Savs.*, 132 DPR 1042, 1051-1052 (1993).

[10] *Pagán Rodríguez v. Rivera Schatz*, 206 DPR 277, 288 (2021); R. Hernández Colón, *Práctica jurídica de Puerto Rico, Derecho procesal civil*, 6ta ed., San Juan, Ed. Lexis Nexis, 2017, pág. 328.

[11] Según la Regla 34.1 de Procedimiento Civil el tribunal podrá ordenar que una parte descubra prueba si la parte interesada presenta una moción en la que certifique con particularidad que realizó los esfuerzos razonables, con prontitud y de buena fe para resolver los asuntos que planteó en el escrito y que, a pesar de ello, no alcanzó resultado alguno con la representación legal de la parte adversa. Si la parte promovente cumplió, de acuerdo con la Regla 34.2 de Procedimiento Civil esta podrá requerirle al foro primario que, a su discreción, dicte una orden para obligar a la parte compelida a descubrir lo solicitado. Véase, Regla 34.1 y 34.2 de Procedimiento Civil, 32 LPRA Ap. V.

(b) Otras consecuencias.-Si una parte o un(a) funcionario(a) o agente administrador(a) de una parte, o una persona designada para testificar a su nombre según disponen las Reglas 27.6 ó 28 de este apéndice, *deja de cumplir una orden para llevar a cabo o permitir el descubrimiento de prueba*, incluyendo una orden bajo las Reglas 32 y 34.2 de este apéndice, *el tribunal podrá dictar, con relación a la negativa, todas aquellas órdenes que sean justas; entre ellas las siguientes*:

(1) […]

(2) […]

(3) *Una orden para eliminar alegaciones o parte de ellas,* o para suspender todos los procedimientos posteriores hasta que la orden sea acatada, o *para desestimar el pleito o procedimiento o cualquier parte de ellos, o para dictar una sentencia en rebeldía contra la parte que incumpla.* [12]

A través del inciso (b)(3) el tribunal puede sancionar con la eliminación total o parcial de las alegaciones. Sin embargo, igual que la desestimación de la demanda, la eliminación de las alegaciones y la rebeldía son el castigo más severo para la parte que declina obedecer una orden para descubrir prueba.[13] La imposición de estas sanciones "siempre se debe[n] dar dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de discreción".[14]

Por tal razón, antes de ordenar la desestimación del pleito o la eliminación de las alegaciones, el tribunal tiene que ejecutar el orden de prelación que establece la Regla 39.2(a) de Procedimiento Civil, 32 LPRA Ap. V.[15] Primero, el tribunal tiene que apercibir de la situación a la representación legal de

---

[12] Regla 34.3(b)(3) de Procedimiento Civil, 32 LPRA AP. V. (Énfasis suplido).

[13] *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.,* supra, pág. 700; *Amaro González v. First Fed. Savs.,* supra, pág. 1050.

[14] *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 590 (2011).

[15] Véase *Maldonado v. Srio. de Rec. Naturales*, 113 DPR 494, 498 (1982).

la parte y concederle la oportunidad para responder. Si el representante legal no responde al apercibimiento, el tribunal le impondrá sanciones y le notificará directamente a la parte sobre el asunto.[16] Una vez que la parte haya sido informada o apercibida de la situación y de las consecuencias que el incumplimiento conlleva, deberá corregirla dentro del término que el tribunal de instancia le conceda. El plazo conferido será razonable y, salvo que las circunstancias del caso lo justifiquen, no será menor de treinta días. Si la parte no toma acción correctiva al respecto "nunca se podrá querellar, ante ningún foro, de que se le despojó injustificadamente de su causa de acción y/o defensas."[17] Cumplido este trámite, el tribunal se encontrará en posición para imponer la sanción que corresponda.

La Regla 39.2(c) de Procedimiento Civil establece que, a excepción de la desestimación por falta de jurisdicción sobre la materia o parte indispensable o a menos que el tribunal disponga lo contrario, el efecto de la desestimación es la adjudicación en los méritos. Nótese que de la Regla 39.2(a) de Procedimiento Civil surge que la desestimación es la muerte procesal del pleito.[18] Sin embargo, nada dispone sobre qué procede en el

---

[16] *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, supra.

[17] *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, supra, 702; *Maldonado v. Srio. de Rec. Naturales*, supra. Véanse *Echevarría Jiménez v. Sucn. Pérez Meri*, 123 DPR 664, 673-674 (1989); *Acevedo v. Compañía Telefónica de P.R.*, 102 DPR 787, 791 (1974); *Arce v. Club Gallístico de San Juan*, 105 DPR 305 (1976); *Garriga Gordils v. Maldonado Colón*, 109 DPR 817, 822-823 (1980).

[18] *VS PR, LLC v. Drift-Wind, Inc.*, 207 DPR 253, 264 (2021); R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 250. En caso de ser una desestimación parcial se trata de la muerte procesal de una de las reclamaciones acumuladas en una demanda u otras alegaciones permitidas. Reglas 14.1 y 42.3 de Procedimiento Civil, 32 LPRA Ap. V.

pleito luego de la sanción de eliminación de **_todas_** las alegaciones de la parte demandada.

*B. Eliminación de las alegaciones*

Hace más de un siglo, explicamos las implicaciones que tiene la orden para eliminar la alegación de la parte demandada. En *Polo v. Domínguez, Juez de Distrito*, 15 DPR 609 (1909), el secretario del foro primario interpretó que la orden para excluir la contestación a la demanda enmendada era literalmente extraerla de los autos. En esa oportunidad explicamos que:

> "las palabras 'suprimir' o 'eliminar' solo quieren decir, en este caso, considerar al instrumento *sin efecto alguno, y que debe pasarse por alto y no usarse o considerarse en el juicio*; pero el documento mismo debe quedar en los autos para información de todos los interesados".[19]

En *Polo*, supra, al abundar respecto a esa sanción reconocimos que ante la ausencia de la alegación de la parte demandada, se podía dictar sentencia en su contra. Años más tarde, en *Acevedo v. Compañía Telefónica de Puerto Rico*, 102 DPR 787, 791 (1974) expusimos que

> eliminar **todas** las alegaciones de la demandada priva a un litigante de su día en corte para establecer la legitimidad y el mérito de su defensa, lo cual solamente debe hacerse en casos tan extremos que no haya duda de la irresponsabilidad o contumacia de la parte contra quien se toman las medidas drásticas.[20]

En otras palabras, de acuerdo con *Polo*, supra, con la supresión **total** de las alegaciones, la contestación a la demanda perdía eficacia jurídica en el litigio. En vista de que esta alegación no se puede utilizar en el juicio ni el tribunal la

---

[19] *Polo v. Domínguez*, 15 DPR 607 (1909). (Énfasis nuestro).

[20] *Acevedo v. Compañía Telefónica de P.R.,* supra. (Énfasis suplido).

puede tomar en cuenta, según *Acevedo*, supra, el efecto mortal es que la parte demandada quedó privada de su día en corte para establecer la legitimidad y el mérito de su defensa.[21] En atención a este resultado, al igual que la desestimación, el castigo de la exclusión **total** de las alegaciones debe prevalecer únicamente en situaciones extremas.[22] Hemos recopilado que este nivel de sanción debe ser la repercusión de una conducta indiscutiblemente irresponsable, irreverente, desafiante, negligente, contumaz que la parte contra la cual se ordena la ejecute de manera reiterada y continua; todo porque esta optó por incumplir de manera intencional y de mala fe con una orden del tribunal para descubrir prueba.[23]

*C. La eliminación de las alegaciones y su relación con la rebeldía*

En *Arce v. Club Gallístico de San Juan*, 105 DPR 305, 308 (1976) reafirmamos los méritos de la facultad sancionadora de los tribunales y la idoneidad de la proporción del castigo al momento de imponerse, pero además señalamos lo siguiente:

> Nuestras decisiones han estado dirigidas a fortalecer el poder de las Salas de instancia para aligerar los procedimientos, si necesario fuere mediante la drástica sanción de decretar la desestimación y archivo de la demanda de la parte actora y, según sea el caso, *eliminar las alegaciones de la parte demandada, declararla en rebeldía y resolver la causa en su contra*. No vamos a aflojar esa norma en lo más mínimo. Pero *tiene*

---

[21] *Valentín v. Mun. de Añasco*, supra.; *Acevedo v. Compañía Telefónica de P.R.*, supra, pág. 791; *Polo v. Domínguez*, 15 DPR 607 (1909).

[22] *Mejías v. Carrasquillo*, 185 DPR 288, 298 (2012); *Mun. de Arecibo v. Almac. Yakima*, 154 DPR 217, 222-223 (2001).

[23] *Valentín v. Mun. de Añasco*, supra, págs.895-896(citando *Acevedo v. Compañía Telefónica de Puerto Rico*, supra; *Dorsey v. Academy Moving & Storage, Inc.*, 423 F.2d 858 (5to Cir. 1970); *In re Paoli R.R. Yard PCB Litigation*, 35 F.3d 717 (3er Cir. 1994); *Jackson v. Harvard University*, 900 F.2d 464 (1er Cir. 1990). *Hartman v. Tribunal Superior*, 98 DPR 124 (1969)).

> *por necesidad que aplicarse en cada caso conforme a sus particulares hechos y perspectivas*.[24]

Por otro lado, la Regla 45.1 de Procedimiento Civil gobierna la anotación de rebeldía y, al respecto, provee que:

> Cuando una parte contra la cual se solicite una sentencia que conceda un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o Secretaria *anotará su rebeldía.*
>
> El tribunal a iniciativa propia o a moción de parte, *podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3)* de este apéndice.
>
> Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b) de este apéndice.
>
> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.[25]

El primer párrafo permite la anotación de la rebeldía por incomparecencia y esto ocurre cuando la parte demandada no comparece después de haber sido emplazado, no se defiende mediante moción ni presenta oportunamente la contestación a la demanda.[26] Entretanto, el segundo párrafo de la Regla 45.1 de Procedimiento Civil autoriza a que, de acuerdo con la Regla 34.3(b)(3) de Procedimiento Civil, el tribunal anote la rebeldía como sanción. Es decir, el foro primario debe declarar incurso en rebeldía a la parte demandada si esta "se niega a descubrir

---

[24] *Arce v. Club Gallístico de San Juan,* supra, pág. 308; *Secretario del Trabajo v. Mayagüez O.M. Club*, 105 DPR 279, 283 (1976). (Énfasis suplido).

[25] Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V. (Énfasis suplido). La anotación de la rebeldía es una nota en el expediente que toma el secretario en la que afirma que la parte demandada no compareció en el término correspondiente. *Lawton v. Porto Rico Fruit Exchange*, 42 DPR 291, 295 (1931). Véase R. Hernández Colón, *Práctica jurídica de Puerto Rico, Derecho procesal civil*, 6ta ed., San Juan, Ed. Lexis Nexis, 2017, pág. 328.

[26] *Rivera Figueroa v. Joe's European Shop*, supra, pág. 589; *Álamo v. Supermercado Grande, Inc.*, 158 DPR 93, 100 (2002).

su prueba después de habérsele requerido mediante los métodos de descubrimiento de prueba, o simplemente cuando una parte ha incumplido con alguna orden del tribunal".[27] Tan pronto se declare la rebeldía "se dan por admitidos todos los hechos bien alegados en la demanda o la alegación que se haya formulado en contra del rebelde y se autoriza al tribunal para que dicte sentencia, si esta procede como cuestión de derecho."[28]

En lo concerniente al trámite de la sentencia en rebeldía que dicta el tribunal de instancia, la Regla 45.2(b) de Procedimiento Civil postula lo siguiente:

> Podrá dictarse sentencia en rebeldía en los casos siguientes:
>
> (a)     Por el Secretario o Secretaria. […]
>
> (b)     Por el tribunal. En todos los demás casos la parte con derecho a una sentencia en rebeldía la solicitará del tribunal, pero no se dictará sentencia en rebeldía contra un(a) menor o una persona incapacitada a menos que estén representados(as) por el padre, madre, tutor(a), defensor(a) judicial u otro(a) representante que haya comparecido en el pleito. *Si para que el tribunal pueda dictar sentencia [en rebeldía] o para ejecutarla se hace necesario fijar el estado de una cuenta, o determinar el importe de los daños, o comprobar la veracidad de cualquier aseveración mediante prueba o hacer una investigación de cualquier otro asunto, el tribunal deberá celebrar las vistas que crea necesarias y adecuadas* o encomendar la cuestión a un comisionado o comisionada. Cuando la parte contra la cual se solicita sentencia en rebeldía haya comparecido en el pleito, dicha parte será notificada del señalamiento de cualquier vista en rebeldía que celebre.[29]

---

[27] *Rivera Figueroa v. Joe's European Shop*, supra, pág. 588.

[28] *Rivera Figueroa v. Joe's European Shop*, supra, pág. 590. Resaltamos, por ejemplo, que por la naturaleza sumaria de la Regla 60 de Procedimiento Civil, 32 LPRA Ap. V., "*no podemos dar por admitidos los hechos alegados en la demanda y así obviar la presentación de la prueba sobre el particular.*" *Primera Cooperativa De Ahorro v. Hernández Hernández*, 205 DPR 624, 632 (2020) citando *Asoc. Res. Colinas Metro. v. S.L.G.*, 156 DPR 88, 96 (2002). (Énfasis suplido).

[29] De acuerdo con la Regla 45.2(a) de Procedimiento Civil, 32 LPRA Ap. V, la rebeldía que puede decretar el secretario del Tribunal de Primera Instancia se limita a los casos que involucre el cobro de dinero cuya suma reclamada sea por una suma líquida o liquidable mediante cómputos acreditada por una

En este punto resulta ilustrativo el caso de *Continental Ins. Co. v. Isleta Marina,* 106 DPR 809 (1978). Este caso se trató de una demanda por daños y perjuicios en la que, ante el incumplimiento de una orden para descubrir prueba, el tribunal ordenó la eliminación de todas las alegaciones de la parte demandada. Inmediatamente, el foro primario señaló y celebró una vista en rebeldía. Ese día, la parte demandante no se preparó para presentar prueba sobre las alegaciones, pues descansó en que el tribunal de instancia suprimió todas las alegaciones de la parte demandada y que la vista era en rebeldía. Sin embargo, el foro de instancia dictó sentencia en la que declaró sin lugar la demanda, *fundamentado en que la parte demandante no presentó prueba sobre todos los elementos de la causa de acción.*

En esa oportunidad, al revocar la determinación del foro primario, nos expresamos sobre la institución de la sentencia dictada en rebeldía. Expusimos la norma reiterada de que un trámite en rebeldía -por incomparecencia o como sanción- tiene la repercusión de que se estimen aceptadas y ciertas todas las materias bien alegadas en la demanda.[30] Definimos que el concepto de "materias bien alegadas" significa que se consideran admitidos los hechos correctamente alegados y el tribunal tiene que evaluar si de esas alegaciones existen los elementos de la causa de

---

declaración jurada. Asimismo, el secretario del tribunal de instancia no podrá dictar una sentencia en rebeldía en una acción en cobro de dinero presentada en contra de un menor o incapacitado ni contra el Estado o sus funcionarios en su carácter oficial. Véanse Reglas 45.2(a) y 45.5 de Procedimiento Civil.

[30] *Continental Ins. Co. v. Isleta Marina*, 106 DPR 809, 815 (1978).

acción y amerita el remedio solicitado.[31] Igualmente, reiteramos

nuestros pronunciamientos de *Rivera v. Goytía*, 70 PDR 30, 33

(1949) concernientes a los derechos con los que cuenta el

rebelde.

> [C]on referencia a una parte demandada en rebeldía --que
> ha comparecido previamente-- le cobija el derecho a
> conocer del señalamiento, asistir a la vista,
> contrainterrogar los testigos de la parte demandante,
> *impugnar la cuantía* y apelar la sentencia. No renuncia a
> las defensas de falta de jurisdicción ni de que la
> demanda no aduce hechos constitutivos de una causa de
> acción en favor del reclamante. […] En otras palabras,
> un trámite en rebeldía no garantiza [*per se*], una
> sentencia favorable al demandante; el demandado no admite
> hechos incorrectamente alegados como tampoco
> conclusiones de derecho.[32]

En cuanto a la sentencia en rebeldía que solo el tribunal

puede emitir, expresamos lo siguiente:

> [L]a facultad del Secretario para dictar una sentencia
> en rebeldía está limitada[…]. Como corolario, cualquier
> otra sentencia en rebeldía tiene que ser dictaminada por
> el tribunal, que puede emitirla aun habiendo comparecido
> el demandado, irrespectivamente de si la cuantía es
> líquida o no. Ello incluye daños para lo cual puede
> señalar vista, exigiendo prueba para 'determinar [su]
> importe …, o comprobar la veracidad de cualquier
> aseveración.' […]. Resulta obvio, que los tribunales no
> son meros autómatas obligados a conceder indemnizaciones
> por estar dilucidándose un caso en rebeldía. Para el
> descargo de tan delicado ministerio, la ley reconoce que
> el proceso de formar consciencia judicial exige la
> comprobación 'de cualquier aseveración' mediante prueba.
> A tal efecto, el tribunal 'deberá celebrar las vistas
> que crea necesarias y adecuadas.[33]

En *Continental*, supra, nos percatamos que, contrario a la

determinación del tribunal de instancia y a pesar de la pobre

redacción, las alegaciones expuestas por la parte demandante

---

[31] *Álamo v. Supermercado Grande, Inc.*, supra, pág. 101; *Continental Ins. Co. v. Isleta Marina*, supra, págs. 815-816; *Rivera v. Insular Wire Products Corp.*, 140 DPR 912 (1996).

[32] *Continental Ins. Co. v. Isleta Marina*, supra, págs. 816-817. (Énfasis suplido)(Citas omitidas).

[33] *Íb.*

resultaban suficientes para dictar la sentencia en rebeldía y conceder la demanda. Colegimos que, *con la eliminación de todas las alegaciones y la anotación de la rebeldía, era razonable que la parte demandante descansara en las alegaciones de la demanda y,* <u>*a excepción de la cuantía de daños,*</u> *esta podía prescindir de presentar prueba sobre la negligencia y nexo causal que provocó los daños reclamados.*

Acto seguido, reconocimos que el tribunal tiene discreción para solicitarle *a la parte demandante* la comprobación de la veracidad de cualquier aseveración. Sin embargo, aclaramos que el foro primario tiene que advertirle de su intención al momento de notificar el señalamiento de la vista en rebeldía. De lo contrario, se incurre en un error que, tal como procedimos, amerita la revocación de la sentencia. Respecto al planteamiento principal del caso de autos, obsérvese dos asuntos: En primer lugar, <u>*inmediatamente después de que el tribunal de instancia ordenó la eliminación de todas las alegaciones de la parte demandada operó el mecanismo de la rebeldía*</u> en la continuación del trámite procesal ante el foro primario. En segundo término, <u>*la única prueba impugnatoria que puede presentar la parte demandada es aquella relacionada a la cuantía de los daños reclamados*</u>, pues resolvimos que esta siempre será objeto de prueba. Cónsono con lo anterior, hemos resuelto que la parte demandada incursa en rebeldía <u>*renuncia a su derecho de "presentar*</u>

*prueba contra las alegaciones de la demanda, y a levantar sus*

*defensas afirmativas*."[34]

A pesar de nuestros pronunciamientos en *Continental*, supra, es la primera vez que nos corresponde explicar por qué se debe tramitar un pleito en rebeldía luego de la orden para suprimir todas las alegaciones de la parte demandada, si la redacción de la Regla 34.3(b)(3) de Procedimiento Civil separa ambas sanciones.

De entrada, parte de la Regla 34.3(b)(3) de Procedimiento Civil proviene de la Regla 37(b)(2)(A) de las Reglas de Procedimiento Civil Federal.[35] Al igual que en la nuestra, la redacción de la aludida regla federal separa las sanciones de eliminación de las alegaciones de la parte demandada y la sentencia en rebeldía. A pesar de tal división, desde *Hammond Packing Company v. State of Arkansas*, 212 U.S. 322 (1909), se resolvió que procede un dictamen en rebeldía luego de excluir las alegaciones del promovido por incumplir con una orden para descubrir prueba.[36] El Tribunal Supremo Federal reconoció que la autoridad para proceder de esa manera provenía de la presunción de que los hechos materiales se admiten al no

---

[34] *Rodríguez v. Tribunal Superior*, 102 DPR 290, 294 (1974). En *Álamo v. Supermercado Grande, Inc.*, supra, pág. 104, resolvimos que un demandado al que se le anota la rebeldía renuncia tácitamente a la oportunidad de levantar la defensa afirmativa de prescripción ni puede atacar la insuficiencia de una alegación en torno a la omisión de la fecha de los hechos.

[35] Secretariado de la Conferencia Judicial y Notarial, *Informe de Reglas de Procedimiento Civil*, Tribunal Supremo de Puerto Rico, marzo 2008, pág. 372.

[36] *Hammond Packing Company v. State of Arkansas*, 212 U.S. 322, 351 (1909) ("[T]the law of the United States, as well as the laws of many of the states, afford examples of striking out pleadings and adjudging by default for a failure to produce material evidence). Véase, Notas de 1930 del Comité asesor de la Regla 37 de las Reglas de Procedimiento Civil Federal.

contestarse la demanda tal como sucede con la alegación responsiva donde la parte no afirma o declara sus derechos conforme lo dispone la ley.[37] Esta determinación nos ofrece un razonamiento cónsono con los efectos de la rebeldía discutidos en *Continental*, supra, nuestras expresiones en *Polo*, supra, *Acevedo*, supra y *Arce*, supra, y de las consecuencias que postulan las Reglas 6.2 a la 6.4 de Procedimiento Civil concernientes al ejercicio de negar y formular defensas afirmativas que debe cumplir la parte demandada. Veamos.

Una demanda tiene que incluir: "(1) una relación sucinta y sencilla de los hechos que demuestran que procede el remedio solicitado, y (2) la solicitud del remedio que se alega debe concederse."[38] Los hechos materiales alegados tienen que demostrar de su faz que, de probarse, hacen a la parte demandante acreedora del remedio solicitado.[39] Entretanto, mediante el ejercicio de negar, la contestación a la demanda ataca las aseveraciones en las cuales descansa la parte demandante[40] y con

---

[37] *Hammond Packing Company v. State of Arkansas*, 212 U.S. 322, supra.("[T]herefore, the power exerted below was like the authority to default or to take a bill for confessed because of a failure to answer, based upon a presumption that the material facts alleged or pleaded were admitted by not answering, and might well also be illustrated by reference to many other presumptions attached by the law to the failure of a party to a cause to specially set up or assert his supposed rights in the mode prescribed by law"). Véase *CIA Petrolera Caribe, Inc. v. ABBA Service Center*, 116 F.R.D. 90 (1987); *National Hockey League v. Metropolitan Hockey Clubs,* 427 U.S. 639, 642-643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). (La conducta de una parte demandada de obstruir o impedir los intentos de la parte demandante de descubrir prueba y desobedecer las órdenes que al respecto emita un juez, *provoca la eliminación de las alegaciones y la anotación de rebeldía).*

[38] *Conde Cruz v. Resto Rodríguez*, 205 DPR 1043, 1062 (2020). Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V.

[39] *Santiago Ortiz v. Real Legacy Assurance Company, Inc.*, 206 DPR 194, 207 (2021).

[40] *Conde Cruz v. Resto Rodríguez*, supra, págs. 1062-1063. Regla 6.2(a) de Procedimiento Civil, 32 LPRA Ap. V.

las defensas afirmativas que formula procura "derrotar la reclamación presentada en su contra".[41] El ejercicio de negar y de formular las defensas afirmativas, permite que la parte demandada se escude al exponer su versión con hechos demostrativos de que la reclamación no procede y que le asisten las defensas.

Así que, si la parte demandada contesta la alegación de manera oportuna, <u>pero en esta no niega las aseveraciones contenidas en la demanda que requieran respuesta y que no se refieran al monto de daños, *estas se tendrán por admitidas*</u>.[42] Igualmente, salvo falta de jurisdicción y parte indispensable, <u>las defensas afirmativas que no se instauren en la contestación a la demanda, *se entienden renunciadas*</u>.[43] Vemos que si la parte demandada no procede conforme lo dispone el ordenamiento jurídico procesal civil, opera una presunción contraria para la defensa de su versión de los hechos.

La gravedad de la sanción para la exclusión total de las alegaciones por incumplir con una orden para descubrir prueba consiste en que la parte demandada sí tuvo la intención de defenderse. Sin embargo, según *Polo*, supra, *Acevedo*, supra, y las Reglas 6.2 a la 6.4 de Procedimiento Civil, excepto por el reclamo en daños, *las aseveraciones que la parte demandada negó y las defensas afirmativas que formuló en la alegación*

---

[41] *Rio Mar Community Association, Inc. v. Mayol Bianchi*, 208 DPR 100, 111 (2021).

[42] La Regla 6.4 de Procedimiento Civil, 32 LPRA Ap. V, establece que "las aseveraciones contenidas en cualquier alegación que requiera una alegación responsiva y que no se refieran al monto de daños, *se considerarán admitidas si no fueran negadas en la alegación responsiva*."(Énfasis suplido).

[43] Véase Reglas 6.3, 10.2 y 10.8(c) de Procedimiento Civil, 32 LPRA Ap.V.

*responsiva, quedaron sin efecto y, por ende, no estarán a su disposición en el juicio ni el tribunal las tomará en consideración.* Dicho de otra manera, quedaron admitidas las aseveraciones negadas y las defensas afirmativas levantadas se entienden renunciadas o por no puestas. En concreto, **el equivalente procesal de la eliminación de todas las alegaciones de la parte demandada** *es como si esta no hubiera contestado alegación alguna y se allanara al litigio presentado en su contra.*[44]

No podemos perder de perspectiva que nuestro ordenamiento contempla la rebeldía en dos escenarios separados con propósitos distintos --por incomparecencia o como sanción--. Irrespectivamente de que la redacción de la Regla 34.3(b)(3) separe las sanciones de la eliminación de todas las alegaciones y la sentencia en rebeldía, es incuestionable que anotar la rebeldía por incomparecencia es una consecuencia lógica cuando se carece de alegaciones. Definitivamente, el examen detallado de *Continental*, supra, y el análisis sobre las alegaciones responsivas esbozado revela, tal como expresamos categóricamente hace más de cuarenta años en *Arce*, supra, que luego de una orden para eliminar **todas** las alegaciones de la parte demandada procede "*declararla en rebeldía y resolver la causa en su contra.*" Esta norma no debe cambiar, más bien la reiteramos. Sobre este particular y al palio de las Reglas de Procedimiento Civil

---

[44] Cuando la parte demandada resulta sancionada con la eliminación de todas las alegaciones se refiere a la contestación a la demanda, contestación a la demanda contra coparte, contestación a la demanda contra tercero y, en caso de que formule una reconvención, esta conlleva la desestimación.

aprobadas hace más de una década, el Prof. Rafael Hernández Colón

señaló lo siguiente:

> La eliminación de alegaciones puede ser de la totalidad o de una reclamación de una demanda con dos o más reclamaciones o de una reconvención o de una parte de una reclamación, o de una defensa afirmativa. Cuando la sanción es parcial supone que el proceso ha de continuar. […] *[S]i el tribunal impone la sanción de la eliminación de la totalidad de las alegaciones lo que procede es* desestimar la demanda o *dictar sentencia en rebeldía*.[45]

De lo anterior se puede colegir que el castigo de la supresión total de las alegaciones conlleva directamente a la sanción de la sentencia en rebeldía. A su vez, los tribunales apelativos estamos llamados a inclinarnos a decretar las consecuencias de la rebeldía cuando el tribunal de instancia ordena la eliminación de todas las alegaciones, específicamente si la sanción fue producto de la conducta malintencionada de la parte demandada de no descubrir prueba. 7 *Moore's Federal Practice* Sec. 37.51[4] (3.ra ed. 2023) ("If a sanctions order strikes an entire pleading, **appellate courts are likely to impose the same constraints that they impose** on dismissal or **default sanctions orders.** Specifically, the disobedient party's conduct must be **a result of bad faith, willfulness, or substantial fault.**") (Énfasis suplido). Ahora, la pregunta obligada es, si es así, ¿para qué se debe celebrar una vista en rebeldía?

De ordinario, la anotación de la rebeldía precede al señalamiento de la vista en cuestión.[46] Previo a la

---

[45] R. Hernández Colón, Práctica jurídica de Puerto Rico, Derecho procesal civil, 6ta ed., San Juan, P.R., Ed. Lexis Nexis, 2017, págs. 375-376. (Énfasis suplido)

[46] El último párrafo de la Regla 45.1 de Procedimiento Civil dispone que "La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía."

calendarización de la audiencia, el tribunal de instancia debe haber evaluado si los hechos materiales de la demanda están bien alegados, si estos proceden como cuestión de derecho y no contienen alegaciones concluyentes.[47] Con arreglo a la Regla 45.2(b) de Procedimiento Civil y a *Continental*, supra, el tribunal celebrará la vista en rebeldía para la determinación del importe de daños y si, habiéndolo advertido previamente a la parte demandante, desea comprobar la veracidad de cualquier aseveración respecto al remedio solicitado en la demanda, el tribunal deberá celebrar las vistas que crea necesarias y adecuadas a esos efectos.[48] Esta prueba exigida a la *parte demandante* permitirá que el tribunal se encuentre en posición para dictar una sentencia en rebeldía conforme a derecho. Por lo tanto, es forzoso reiterar la conclusión de que la parte demandada no tiene el derecho a refutar los méritos de la demanda en la vista en rebeldía.[49]

III

El peticionario nos plantea que la noción de permitir que los recurridos puedan presentar prueba para refutar los méritos de la demanda choca con la orden de supresión total de las alegaciones que confirmamos mediante la *Sentencia de 2018*. Argumenta que esta sanción tuvo lugar, por incumplir las órdenes

---

[47] *Rivera v. Insular Wire Products Corp.,* 140 DPR 912, 931 (1996); *Continental Ins. Co. v. Isleta Marina*, supra, pág. 817.

[48] *Íb.*; Regla 45.2(b) de Procedimiento Civil, supra; *Continental Ins. Co. v. Isleta Marina*, supra.

[49] 7 *Moore's Federal Practice* Sec. 37.51[4] (3.ra ed. 2023) ("For example, the effect of an order **striking an entire pleading** would appear to be no different than the effect of **a preclusion order prohibiting the disobedient party from supporting or opposing particular claims or defenses**.") (Énfasis suplido).

del tribunal y porque se determinó que los recurridos incurrieron en expoliación de evidencia con prueba que el peticionario necesitaba para establecer su causa de acción. Reclama, por lo tanto, que los procedimientos continúen en rebeldía, tal como resolvió la *Resolución de 2020*.

Por su parte, los recurridos argumentaron, y así lo entendió el foro apelativo intermedio, que "la redacción de la Regla 34.3(b)(3) de Procedimiento Civil tiene la intención de dividir las consecuencias de las sanciones. Por eso exponen que, a pesar de que la *Resolución de 2015* les suprimió todas las alegaciones, pueden presentar prueba, incluso impugnatoria, para refutar las alegaciones de la demanda y obligar al peticionario a satisfacer con prueba todos los elementos de las causas de acción. Aducen, sin embargo, que con la anotación de rebeldía en la *Resolución de 2020*, se darían por admitidos todos los hechos alegados en la demanda y que esta constituyó una nueva sanción que violó la ley del caso de la *Resolución de 2015*.

De entrada, surge del expediente que, el juez que emitió la *Resolución de 2015* expresamente rechazó anotar la rebeldía porque entendió necesario que el peticionario desfilara prueba sobre varios elementos de la causa de acción. No obstante, el foro primario suprimió todas las alegaciones de los recurridos[50]

---

[50] Las alegaciones suprimidas son: la contestación a la demanda enmendada; la demanda de coparte que presentaron en contra de los demandados Lunor, el Sr. Norberto Seda Ortiz y la Sra. Myrna Olmo Velázquez y la Sociedad Legal de Gananciales compuesta por ellos resultó desestimada; la contestación a la demanda de coparte incoada por el señor Sánchez Ramos; la reconvención que los recurridos formularon en contra del señor Sánchez Ramos. Surge de la *Resolución de 2020* que, en cuanto a las últimas dos alegaciones, el tribunal de instancia las tendría por no puestas porque el foro primario les había anotado la rebeldía.

y, como mencionamos, en nuestra *Sentencia de 2018* confirmamos que no hubo abuso de discreción en su proceder.

La controversia respecto al alcance de la *Resolución de 2015* se desarrolló en la etapa de juicio ante otra jueza. La *Resolución de 2020* mantuvo la supresión de **todas** las alegaciones pronunciadas en la *Resolución de 2015* y dilucidó que, ante esa inescapable realidad, procedía continuar los procedimientos en rebeldía. Por lo tanto, la *Resolución de 2020* no violó la ley del caso sino que aclaró la eficacia de la *Resolución de 2015* y, con ello, se evitó que una confusión jurídica produjera un resultado evidentemente injusto.[51]

En lo concerniente al planteamiento principal, según intimamos, es incuestionable la relación intrínseca entre los efectos procesales de la eliminación de **todas** las alegaciones de la parte demandada y la declaración y los trámites posteriores en rebeldía que regulan las Reglas 34.3(b)(3) y 45.2(b) de Procedimiento Civil, respectivamente. A raíz de la eliminación de todas las alegaciones, las aseveraciones que los recurridos negaron, se tendrán por admitidas y las defensas afirmativas formuladas, por no puestas. Los recurridos quedaron privados de

---

[51] En *Cacho Pérez v. Hatton Gotay*, 195 DPR 1, 9-10 (2016) expresamos que la doctrina de la ley del caso "no es un mandato inflexible, sino que recoge la costumbre deseable de que las controversias adjudicadas por un tribunal sean respetadas. […] En situaciones excepcionales, si el caso vuelve ante la consideración del tribunal y este entiende que sus determinaciones previas son erróneas y pueden causar una grave injusticia, ese foro puede aplicar una norma de derecho distinta.[citas omitidas]. En *Núñez Borges v. Pauneto Rivera*, 130 DPR 749, 755 (1992), este Tribunal sostuvo, haciendo referencia a lo resuelto en *Torres Cruz v. Municipio de San Juan*, 103 DPR 217, 222 (1975), que **un segundo juez de un foro primario podía cambiar la determinación de un primer juez en el mismo caso si esta produce resultados claramente injustos.**" (Énfasis suplido) Véase 7 *Moore's Federal Practice*, supra.

establecer en el juicio la legitimidad y los méritos de su defensa. Recalcamos, que **esta sanción es como si literalmente los recurridos no hubiesen presentado las alegaciones que el tribunal de instancia excluyó en la *Resolución de 2015*.** Ciertamente, al igual que la desestimación, las advertencias sobre la supresión total de las alegaciones por incumplimiento con una orden para descubrir prueba no pueden tomarse de manera liviana pues "son medidas drásticas que chocan con nuestra política pública a favor de que los casos se ventilen en sus méritos".[52]

Por lo tanto, habida cuenta de que tienen las mismas consecuencias, concluimos que el tribunal de instancia actuó correctamente al anotar la rebeldía y señalar la vista para continuar los procedimientos en rebeldía en cuanto a los recurridos. En consideración a que el ordenamiento procesal civil no advierte de manera expresa los efectos procesales que acarrea, es propicio que a la eliminación de *todas* las alegaciones le extendamos la normativa concerniente a la sanción de la sentencia en rebeldía que gobierna la Regla 45.2(b) de Procedimiento Civil y las pautas jurisprudenciales al respecto.

Así, en cuanto al peticionario, este podrá descansar en las materias bien alegadas en la demanda, pues el tribunal las considerará ciertas, admitidas y probadas. En el presente caso, la jueza que preside los procedimientos señaló el juicio en rebeldía en cuanto a los recurridos y, contrario al juez anterior, se encuentra en posición para celebrarlo sin la

---

[52] *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, supra, pág. 701.

necesidad de requerirle al peticionario que compruebe la verdad de cualquier aseveración en la demanda. Por lo tanto, adjudicada la responsabilidad de los recurridos, el propósito de la vista en rebeldía es para determinar el importe de los daños, si alguno.

Por otro lado, los recurridos tienen derecho a: (1) recibir la notificación de la vista en rebeldía; (2) contrainterrogar a los testigos del peticionario; (3) impugnar el importe en daños, pues recalcamos "[b]ajo cualesquiera de las circunstancias, la cuantía de daños debe ser objeto de prueba";[53] (4) acudir en apelación; (5) no renunciar a las defensas de falta de jurisdicción y que la demanda no aduce hechos constitutivos de una causa de acción; y (6) no admitir hechos incorrectamente alegados ni las conclusiones de derecho.

Con el examen esbozado no podemos visualizar la distinción que el foro apelativo intermedio expuso respecto a que la eliminación de todas las alegaciones conlleva la supresión de toda defensa afirmativa, pero los recurridos pueden presentar prueba para refutar los méritos de la reclamación del peticionario. Resolver de esa manera haría que la sanción de la eliminación de **todas** las alegaciones resulte inoficiosa, máxime cuando la conducta de los recurridos colocaron al peticionario en un estado de indefensión para promover su causa de acción. Por lo tanto, contrario a la apreciación del foro apelativo intermedio, los recurridos no podrán presentar prueba en

---

[53] *Continental Ins. Co. v. Isleta Marina*, supra, pág. 818.

oposición a las alegaciones de la demanda del peticionario en el juicio.

IV

Por los fundamentos expuestos, se revoca la determinación del Tribunal de Apelaciones y se restablece el dictamen del Tribunal de Primera Instancia para que atienda el litigio conforme a lo aquí resuelto.

Se dictará sentencia de conformidad.


                                Erick V. Kolthoff Caraballo
                                       Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Mitsubishi Motor Sales of
Caribbean, Inc.

     Apelante

       v.                  AC-2020-0082

Lunor, Inc. y otros

     Apelados

SENTENCIA

En San Juan, Puerto Rico a 12 de septiembre de 2023.

Por los fundamentos expuestos en la Opinión que antecede la cual se hace formar parte íntegra de la presente, se revoca la determinación del Tribunal de Apelaciones y se restablece el dictamen del Tribunal de Primera Instancia para que atienda el litigio conforme a lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez emitió una Opinión disidente a la que se unió el Juez Asociado señor Colón Pérez. El Juez Asociado señor Estrella Martínez emitió una Opinión disidente a la que se unió el Juez Asociado señor Colón Pérez.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Mitsubishi Motor Sales of Caribbean, Inc.

    Apelante

      v.

Lunor, Inc. y otros

    Apelados

AC-2020-0082

La Jueza Presidenta Oronoz Rodríguez emitió una Opinión disidente a la cual se unió el Juez Asociado señor Colón Pérez

En San Juan, Puerto Rico, a 12 de septiembre de 2023.

En esta ocasión, la controversia ante nos es de estricto derecho: ¿Procede automática y obligatoriamente imponer la sanción de la anotación de la rebeldía siempre que el Tribunal de Primera Instancia decida aplicar la sanción de la eliminación de las alegaciones que dispone la Regla 34.3(b)(3) de Procedimiento Civil, 32 LPRA Ap. V? Una mayoría de este Tribunal contesta esta interrogante en la afirmativa. Sin embargo, para arribar a esa conclusión, el proceso analítico que se utiliza ignora por completo el texto de las Reglas de Procedimiento Civil y, a mi juicio, interpreta incorrectamente la jurisprudencia estatal y federal.

Ante este proceder, me veo precisada a disentir y demostrar que tanto el texto de la ley y la jurisprudencia apuntan a la conclusión de que las referidas sanciones pueden ser impuestas de manera separada e independiente. Es decir, un juez o jueza del Tribunal de Primera Instancia tiene discreción para ordenar la eliminación de las alegaciones de una parte como sanción, a tenor con la Regla 34.3(b)(3) de Procedimiento Civil, _supra_, sin que esto tenga la consecuencia automática de que también se le anote la rebeldía.

Primero, realizaré un análisis sobre la intención de la Asamblea Legislativa tal y como se desprende del texto de la referida regla. Segundo, revisitaré la casuística citada en la Opinión mayoritaria para demostrar que de una lectura puntillosa de esta surge que nunca se ha establecido el precedente que se utiliza como la base de su argumento. Finalmente, debemos auscultar el efecto práctico que tiene despojar a nuestros jueces y juezas de primera instancia de una herramienta importante para el manejo de los casos que se ventilan ante ellos.

**I**

La controversia ante nos surge de una demanda que presentó Mitsubishi Motor Sales of Caribbean, Inc. (Mitsubishi) en contra del Sr. José Julio Feliciano Prieta, la Sra. Arelys Concepción Lorenzo, la Sociedad Legal de Gananciales compuesta por ambos, el Sr. Gustavo E. Guilbe Ortiz, la Sra. Sonia E. Ortiz Ruiz y la Sociedad Legal de

Gananciales compuesta por ambos, entre otros (en conjunto, la parte recurrida).[1]

Tras varios años de litigio, Mitsubishi presentó una *Moción urgente solicitando eliminación de alegaciones por incumplimiento con órdenes del Tribunal*. En esta, argumentó que, ante el incumplimiento reiterado por la parte recurrida con órdenes del tribunal sobre la entrega de una serie de documentos, procedía la eliminación de sus alegaciones a tenor con las Reglas 34.2 y 34.5 de Procedimiento Civil, <u>supra</u>. El 9 de febrero de 2015 el Tribunal de Primera Instancia emitió una Resolución mediante la cual expresó lo siguiente:

> Hay elementos subjetivos de intención, actuación, propósitos mentales y otros factores que mueven a este tribunal [a] **denegar la petición de [la] parte demandante de anotar [la] rebeldía** y dictar sentencia a los co-demandados, **tampoco queda convencido este Tribunal [de que] proceda dar por probado el pleito, menos prohibir a los demandados presentar prueba en oposición a las reclamaciones incoadas por Mitsubishi Motor Sales of Caribbean.** No obstante, concluye este Tribunal [que] la parte demandada ha menospreciado el proceso de descubrir prueba, faltando a la diligencia e incumpliendo con las múltiples órdenes de este Tribunal dadas por los varios jueces que han atendido este asunto desde el año 2002.
>
> Por tanto, **se ordena y queda ordenado la eliminación de todas las alegaciones** de la parte demandada a todos los efectos legales y sobre todas las controversias objeto de este litigio.[2]

---

[1] En la *Demanda* se alegó que la parte recurrida incurrió en incumplimiento con transacciones garantizadas, distribución ilegal de dividendos, reducción ilegal de capital, fraude e incumplimiento de contrato.
[2] Apéndice de *Recurso de Apelación*, págs. 119-120 (Énfasis suplido).

Nótese que el juez de instancia expresamente rechazó ordenar la anotación de la rebeldía, indicó que la sanción se limitaría a la eliminación de las alegaciones, y explicó que la parte sancionada retendría su derecho a presentar prueba en oposición a las reclamaciones incoadas por Mitsubishi.

Inconformes con la referida Resolución, la parte recurrida acudió al Tribunal de Apelaciones para cuestionar la sanción impuesta. Sin embargo, el foro apelativo intermedio confirmó el dictamen mediante Sentencia dictada el 18 de septiembre de 2015. Finalmente, la parte recurrida presentó un recurso de *certiorari* ante este Tribunal y, tras expedirse, en el 2018 se confirmó la determinación.[3]

Devuelto el asunto al Tribunal de Primera Instancia, surgió otra controversia con relación a la interpretación que debía darse a la sanción impuesta. Por un lado, Mitsubishi argumentó que la parte recurrida estaba impedida de presentar prueba a su favor pues la eliminación de las alegaciones les ponía en la misma posición que si se le hubiese anotado la rebeldía. Por el otro, la parte recurrida señaló que la Resolución del 9 de febrero de 2015, en la cual se impuso la sanción, expresamente rechazó anotarle la rebeldía e impedirle presentar prueba en oposición a las reclamaciones incoadas.

El Tribunal de Primera Instancia, por voz de un juez distinto al que originalmente impuso la sanción, emitió una

---

[3] Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc. y otros (CC-2016-0557, Sentencia emitida el 27 de septiembre de 2018).

Resolución el 10 de febrero de 2020 en la cual expresó que la parte recurrida "estaba impedid[a] de presentar prueba y defensas a su favor, ello ante la realidad inescapable de que sus alegaciones le fueron eliminadas y a lo único que tendrían derecho es a contrainterrogar a la parte demandante en la vista en rebeldía que en su día ha de tener efecto".[4] Esta aseveración se hizo sin fundamento alguno que sustentara por qué se estaba apartando de las expresiones que hizo el tribunal en la resolución en la cual se impuso la sanción y que advino final y firme.

Inconforme, la parte recurrida presentó un recurso de *certiorari* ante el Tribunal de Apelaciones solicitando la revisión de la Resolución del Tribunal de Primera Instancia. El foro apelativo intermedio revocó al Tribunal de Primera Instancia. Fundamentó su decisión en que la Resolución del 9 de febrero de 2015 se había convertido en la ley del caso, que no existía justificación para variar el lenguaje utilizado en la sanción impuesta luego de tantos años, y que no existía fundamento legal que equiparara la eliminación de las alegaciones con la anotación de la rebeldía.

Así las cosas, Mitsubishi solicitó la revisión del dictamen del Tribunal de Apelaciones. Una mayoría expidió el recurso presentado y decidió revocar la determinación del Tribunal de Apelaciones. Por estar en completo desacuerdo con este curso de acción, discuto las razones por las cuales hubiese confirmado al Tribunal de Apelaciones.

---

[4] Apéndice de *Recurso de Apelación*, pág. 168.

**II**

En primer lugar, recordemos que "en nuestro ordenamiento jurídico se han instaurado una serie de normas de hermenéutica legal, las cuales, en mayor o menor grado, se imponen como principios rectores del ejercicio de nuestra función adjudicativa". Martajeva v. Ferre Morris, 210 DPR 612, 826 (2022). Véase también: Rosado Molina v. ELA y otros, 195 DPR 581, 589 (2016). Además, como es conocido, uno de los principios cardinales de hermenéutica es que cuando la ley es clara y libre de toda ambigüedad, su letra no debe ser menospreciada bajo el pretexto de cumplir con su espíritu. Martajeva v. Ferre Morris, supra. Es por esto que "el primer paso al interpretar un estatuto es remitirnos al propio texto de la ley, puesto que cuando el legislador se ha expresado en un lenguaje claro e inequívoco, el propio texto de la ley es la expresión por excelencia de la intención legislativa". Rosado Molina v. ELA, supra, pág. 589. Véase también: Cordero et al. v. ARPe et al., 187 DPR 445, 456 (2012).

A pesar de este mandato, mi compañera y compañeros de estrado se apartan del texto claro de la disposición en cuestión y, lo que es más, también dan traste con la intención legislativa.

Sin embargo, utilizando herramientas hermenéuticas podemos descubrir y darle efecto a la intención de la Asamblea Legislativa expresada mediante la letra de la ley. Lo cierto es que en nuestro ordenamiento no existe fundamento legal que asimile la sanción de la eliminación de las alegaciones a la

anotación de rebeldía. Por el contrario, la Regla 34.3 de Procedimiento Civil, <u>supra</u>, distingue expresamente entre las dos sanciones. Veamos.

El Prof. Jorge Farinacci Fernós (profesor Farinacci Fernós), en su obra *Hermenéutica Puertorriqueña: Cánones de Interpretación Judicial*, discute el efecto de palabras o expresiones copulativas o disyuntivas. Por un lado, un copulativo conecta dos o más expresiones. Esto tiene el efecto normativo de expresar que hace falta que todas las instancias conectadas estén presentes para que la norma aplique. Por el otro, un disyuntivo separa dos expresiones o más e implica que será suficiente que ocurra solamente una de las instancias mencionadas. El profesor Farinacci Fernós ilustra esta diferencia con un ejemplo simple:

> "[S]i la norma lee 'Está prohibido guiar y beber', debe de partirse de la premisa que lo que está prohibido es guiar y beber, es decir, hacer ambas actividades a la vez. Si queremos prohibir ambas conductas separadamente, lo correcto sería decir 'Está prohibido guiar *o* beber', 'Están prohibidos guiar y beber' o 'No se puede guiar ni beber'. En el primer ejemplo, el disyuntivo 'o' establece claramente que cualquiera de las dos conductas está prohibida. En el segundo ejemplo, el uso del plural da a entender que la prohibición alcanza todas las instancias mencionadas en la norma. En el tercer ejemplo, el uso del negativo 'ni' señala que la prohibición es para ambas conductas separadamente".[5]

Esta misma lógica puede aplicarse no solamente a las

---

[5] J. Farinacci Fernós, <u>Hermenéutica Puertorriqueña: Cánones de Interpretación Jurídica</u>, Puerto Rico, Editorial Interjuris, Editorial de la Universidad Interamericana de Puerto Rico, págs. 117-118.

prohibiciones, sino a los requisitos y autorizaciones.[6]
Recordemos el lenguaje de Regla 34.3 de Procedimiento Civil,
supra:

> Si una parte o un funcionario o agente
> administrador de una parte, o una persona designada
> para testificar a su nombre según disponen las
> Reglas 27.6 o 28, deja de cumplir una orden para
> llevar a cabo o permitir el descubrimiento de
> prueba, incluyendo una orden bajo las Reglas 32 y
> 34.2, el tribunal podrá dictar, con relación a la
> negativa, todas aquellas órdenes que sean justas;
> entre ellas las siguientes:
>
> .   .   .   .   .   .   .   .
>
> (3) Una orden para eliminar alegaciones **o** parte de
> ellas, **o** para suspender todos los procedimientos
> posteriores hasta que la orden sea acatada, para
> desestimar el pleito **o** procedimiento, **o** cualquier
> parte de ellos, **o** para dictar una sentencia en
> rebeldía contra la parte que incumpla. Regla
> 34.3(b)(3) de Procedimiento Civil, 32 LPRA Ap. V
> (Énfasis suplido).

De lo anterior se puede colegir que la Asamblea
Legislativa, sin dejar espacio para ambigüedad alguna,
proveyó un listado de las sanciones que el tribunal puede
imponer por el incumplimiento con ordenes relacionadas con el
descubrimiento de prueba. HRS Erase, Inc. v. Centro Médico
del Turabo, Inc., 205 DPR 689, 700 (2020). Debido a que se
utiliza el disyuntivo "o" para separar las distintas posibles
sanciones, en vez de utilizar el copulativo "y", la única
interpretación razonable de la intención legislativa es que
se decidió separar las sanciones y proveer autorización a los
tribunales para que se impusiera cada una de manera
independiente.

---

[6] Íd., pág. 119.

Interpretar que la Legislatura, a pesar de enumerar las sanciones por separado y dividirlas con el disyuntivo "o", tuvo la intención de que se interpretara que la eliminación de las alegaciones y la anotación de rebeldía son equivalentes, requiere una lectura forzada del texto de la ley. Según lee la Regla 34.3 de Procedimiento Civil, supra, cuando una parte incumple con órdenes del tribunal relacionadas con el descubrimiento de prueba, los tribunales tienen ante sí una lista de seis posibles sanciones distintas que pueden imponer, algunas de las cuales evidentemente son más severas que otras, y todas están separadas por el disyuntivo "o". Empero, una mayoría de este Tribunal razona que la primera de las sanciones listada está ligada inexorablemente a la última sanción allí incluida. Llegan a esta conclusión sin brindar explicación alguna sobre por qué la Asamblea Legislativa decidió enumerar dos sanciones separadas, divididas por el disyuntivo "o", y con otras cuatro sanciones entre medio, si, como arguye la mayoría, estas dos sanciones son, para todos los efectos, idénticas. El proceso analítico de la Opinión mayoritaria llega a una conclusión que está diametralmente opuesta al lenguaje claro y libre de ambigüedad que se utilizó en la regla objeto de análisis.

Por el contrario, estimo que nuestra tarea de darle efecto a la intención legislativa ante el lenguaje preciso del texto de la ley no requería malabares analíticos. Sin tener que mirar más allá de la letra de la ley, estamos ante una lista de seis sanciones y el Tribunal tiene la

prerrogativa de: 1) imponer cada una de esas sanciones por separado o, 2) acumular más de una de estas sanciones e imponerlas en conjunto.

                                    III

La Opinión mayoritaria, tras ignorar el texto claro de la ley, recurre a jurisprudencia, tanto local como federal, con la intención de reinterpretar el significado de la lista de sanciones que provee la Regla 34.3 de Procedimiento Civil, supra. Sobre esto, se argumenta que "el examen detallado de Continental [v. Isleta Marina], 106 DPR 809 (1978), y el análisis sobre las alegaciones responsivas esbozado revela, tal como expresamos categóricamente hace más de cuarenta años en Arce [v. Club Gallístico de San Juan], 105 DPR 305 (1976), que luego de una orden para eliminar las alegaciones de la parte demandada procede **declararla en rebeldía y resolver la causa en su contra**".[7] Además, plantea que "esta norma no debe cambiar, más bien la reiteramos".[8] Sin embargo, estoy de acuerdo con lo expresado en la Opinión disidente del Juez Asociado señor Estrella Martínez sobre el hecho de que la Opinión mayoritaria representa inadecuadamente los casos que cita como precedente para resolver la controversia ante nos. En fin, este Tribunal y la Corte Suprema Federal nunca han expresado de manera categórica que la sanción de la eliminación de las alegaciones implica necesariamente la anotación de la rebeldía.

---

[7] Opinión mayoritaria, pág. 20.
[8] Íd.

Como señala la Opinión mayoritaria, en <u>Continental Ins. Co. v. Isleta Marina</u>, supra, el foro primario ordenó la eliminación de todas las alegaciones de la parte demandada e inmediatamente señaló y celebró la vista en rebeldía. Sin embargo, en ese caso no estaba en controversia si procedía la anotación de la rebeldía, sino que la discusión se centró sobre el peso de la prueba que tiene el demandante luego de que se le haya anotado la rebeldía al demandado. Es decir, en <u>Continental Ins. Co. v. Isleta Marina</u>, supra, no hubo discusión alguna sobre la relación entre la eliminación de las alegaciones como sanción y la anotación de rebeldía. Esto así, pues el foro primario optó, tal y como tiene la discreción para hacer, por la sanción particular de eliminar las alegaciones y anotar la rebeldía; sin embargo, no surge de las Reglas de Procedimiento Civil ni del texto de nuestro pronunciamiento de <u>Continental Ins. Co. v. Isleta Marina</u>, supra, que el Tribunal de Primera Instancia hubiese estado obligado a imponer ambas sanciones en conjunto. **Por el contrario, en <u>Continental Ins. Co. v. Isleta Marina</u>, supra, expresamos que el foro primario ostentaba la prerrogativa de imponer la sanción que entendiera correspondiente.** "Como hemos señalado antes, la Regla 34.3, que autoriza la imposición de sanciones, contempla varias alternativas, o sea, **el tribunal puede imponer cualquiera de las sanciones allí dispuestas**". <u>Íd.</u>, pág. 814 (Énfasis suplido). A pesar de esto, una mayoría de este Tribunal intenta imponer una interpretación acomodaticia del precedente de <u>Continental</u>

Ins. Co. v. Isleta Marina, supra, para establecer que allí se demostró la relación inherente entre las dos sanciones en controversia. Sin embargo, ese análisis equipara erróneamente las expresiones que este Tribunal ha hecho con relación a que los jueces y juezas de instancia están facultados para imponer ambas sanciones en conjunto con una conclusión completamente distinta de que el foro primario está obligado a anotarle la rebeldía a una parte si opta por eliminar sus alegaciones.

La Opinión mayoritaria también cita a Arce v. Club Gallístico de San Juan, supra, como ejemplo de que este Tribunal ha expresado que, luego de una orden para eliminar las alegaciones de la parte demandada, procede declararla en rebeldía y resolver la causa en su contra. Sin embargo, nuevamente la Opinión mayoritaria llega a una conclusión que se distancia del precedente que realmente se estableció, ya que citan el texto del caso descontextualizándolo de la controversia. En primer lugar, nótese que, en Arce v. Club Gallístico de San Juan, supra, los peticionarios cuestionaron: 1) la facultad del foro primario para ordenar la desestimación de una causa de acción como sanción por inactividad y, 2) si en ese caso en particular se configuraban los elementos necesarios para que, en efecto, se sancionara a la parte con la desestimación del caso.

Nuevamente, la controversia en aquel momento no versaba sobre la relación entre la eliminación de las alegaciones y la anotación de la rebeldía, sino sobre la constitucionalidad de imponer las referidas sanciones. Por esta razón, las

expresiones del Tribunal en aquel momento se limitaron a contestar esas dos interrogantes. Es por esto que una mayoría de este Tribunal se equivoca en su interpretación del alcance de nuestras expresiones en Arce v. Club Gallístico de San Juan, supra, y su relevancia a la controversia ante nos. En aquel momento se discutió el poder que tiene el tribunal para emitir cualquiera de las sanciones que la Legislatura listó. Sin embargo, la mayoría de esta Curia interpreta erróneamente que en aquel momento dictaminamos que dos de esas sanciones, la eliminación de las alegaciones y la anotación de la rebeldía, siempre tienen que imponerse en conjunto. Esta lectura de la norma simplemente no es fiel al lenguaje utilizado en el texto de Arce v. Club Gallístico de San Juan, supra.

La Opinión mayoritaria comete este mismo error, dígase, la presunta equivalencia entre la facultad de un tribunal para emitir dos sanciones en conjunto y la obligación de imponer una sanción siempre que imponga la otra, al interpretar erróneamente lo que la Corte Suprema federal pautó en Hammond Packing Company v. State of Arkansas, 212 U.S. 322 (1909). Se expresa que en Hammond Packing Company v. State of Arkansas, supra, "se resolvió que procede un dictamen en rebeldía luego de excluir las alegaciones del promovido por incumplir con una orden para descubrir prueba".[9] Sin embargo, Hammond Packing Company v. State of Arkansas lo que

---

[9] Opinión mayoritaria, pág. 17.

expresa es que: "the law of the United States, as well as the laws of many of the states, afford examples of striking out pleadings and adjudging by default for a failure to produce material evidence". Hammond Packing Company v. State of Arkansas, supra, pág. 350. Como se puede observar, la Corte Suprema federal no estableció que la anotación de rebeldía es una consecuencia natural y obligatoria de la eliminación de las alegaciones; en vez, una traducción correcta de sus expresiones revela que se limitó a mencionar que existen fuentes de Derecho estatal y federal que facultan a un tribunal a imponer las sanciones de eliminar las alegaciones y de anotar la rebeldía cuando se incumple con el descubrimiento de prueba. La Opinión mayoritaria no es precisa en su traducción del texto de Hammond Packing Company v. State of Arkansas, supra, lo cual redunda en una interpretación incorrecta del precedente.

Habiendo demostrado que del texto de la Regla 34.3 de Procedimiento Civil, supra, dimana la intención clara de la Asamblea Legislativa de mantener la eliminación de las alegaciones y la anotación de rebeldía como sanciones distintas, y que ni este Tribunal ni la Corte Suprema federal alguna vez han equiparado estas dos sanciones, resulta evidente que una mayoría de este Tribunal erró al expresar que hoy reitera una norma que supuestamente se expresó categóricamente hace cuarenta años. Por el contrario, hoy crean una norma nueva sin tener como base disposición legal o jurisprudencia alguna.

**IV**

Finalmente, entiendo prudente explorar la consecuencia práctica que tendrá la norma que hoy establece este Tribunal sobre los mecanismos a la disposición de los jueces y juezas de primera instancia para promover una conducta apropiada de las partes durante el litigio y que los casos ante sí se puedan resolver en sus méritos. Me parece preocupante que esta Curia, hoy, despoja a sus compañeros y compañeras de instancia de una importante herramienta para el manejo de los casos.

En primer lugar, recordemos que en nuestro ordenamiento existe una política judicial de que los casos se ventilen en sus méritos y que la desestimación de los recursos solamente procede en situaciones extremas en donde sea evidente la existencia de una causal de desestimación reconocida. HRS Erase, Inc. v. Centro Médico del Turabo, Inc., supra, pág. 701; Ramírez de Arellano v. Srio. de Hacienda, 85 DPR 823, 829 (1962). De esta forma, nuestro sistema de justicia propicia el acceso a los reclamos de la ciudadanía, al promover la adjudicación efectiva de las controversias en sus méritos. Véase: Ley Núm. 21-2003, según enmendada, conocida como *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, 4 LPRA sec. 24 (a).

A estos efectos, en Mejías v. Carrasquillo, 185 DPR 288 (2012), discutimos la naturaleza y los distintos propósitos que puede tener una sanción emitida por un tribunal y dirigidas a las partes de un caso:

> El propósito de las sanciones puede ser disuasivo, punitivo o remediatorio. Es disuasivo en la medida en que la posibilidad de la aplicación de la sanción promueve el adecuado desenvolvimiento del proceso al disuadir de la infracción de las reglas. Es punitivo cuando se persigue castigar al infractor y remediatorio cuando lo que busca la sanción es proveer un remedio a la infracción. En ocasiones la sanción es tanto punitiva como remediatoria.[10]

Ciertamente, la consecuencia de la anotación de rebeldía es distinta y más severa que la consecuencia de la eliminación de las alegaciones. Por un lado, la anotación de la rebeldía tiene el efecto de que se den por admitidos todos los hechos bien alegados en la demanda o la alegación que se haya formulado en contra del rebelde, y se autoriza al tribunal para que dicte la sentencia correspondiente, si esta procede como cuestión de derecho. Rivera Figueroa v. Joe's European Shop, 183 DPR 580, 590 (2011). Lo anterior no atenta contra los derechos reconocidos a una parte en rebeldía, a quien, según hemos expresado, "le cobija el derecho a conocer del señalamiento, asistir a la vista, contrainterrogar los testigos de la parte demandante, impugnar la cuantía y apelar la sentencia. No renuncia a las defensas de falta de jurisdicción ni de que la demanda no aduce hechos constitutivos de una causa de acción en favor del reclamante". Ocasio v. Kelly Servs., 163 DPR 653, 672 (2005).

Por el contrario, la eliminación de las alegaciones por sí sola no tiene que conllevar consecuencias tan fatales.

---

[10] Mejías v. Carrasquillo, 185 DPR 288 (2012) *citando a* R. Hernández Colón, *Práctica jurídica de Puerto Rico: Derecho Procesal Civil,* 4ta ed., San Juan, Ed. LexisNexis de Puerto Rico, 2007, pág. 181.

Aunque este Tribunal se ha expresado *in extenso* sobre las consecuencias de la anotación de la rebeldía, lo cierto es que no se ha abundado de la misma manera sobre las consecuencias precisas que conlleva la eliminación de las alegaciones sin más. Hoy, el curso de acción mayoritario desaprovecha esta oportunidad para aclarar la distinción entre las sanciones en controversia y precisar sobre las distintas herramientas de manejo de caso que tienen nuestros jueces y juezas de instancia a su disposición.

La parte recurrida argumenta que la sanción de eliminar las alegaciones de una parte demandada no prohíbe que dicha parte presente evidencia para refutar las alegaciones de la demanda, incluida la prueba de impugnación. Esta misma interpretación surge de la Resolución que emitió el Tribunal de Primera Instancia el 9 de febrero de 2015, donde explicó que al no anotar la rebeldía y limitar la sanción a la eliminación de la rebeldía, no se estaría prohibiendo a la parte recurrida presentar prueba en oposición a las reclamaciones incoadas por Mitsubishi.

Esta interpretación sobre los efectos de la eliminación de las alegaciones encuentra apoyo en expresiones que este Tribunal hizo previamente en Mejías v. Carrasquillo, supra. Ahí, establecimos que:

> **[L]a eliminación de las alegaciones no conlleva, de por sí, la inexistencia de controversias de hechos que justifica el que no se celebre una vista evidenciaria.** Hemos dispuesto reiteradamente que el proceso de formar consciencia judicial exige que se compruebe cualquier aseveración mediante prueba y, para ello, el tribunal deberá celebrar las vistas

que crea necesarias y adecuadas. (Énfasis suplido).
Íd., pág. 304.

La diferencia entre las dos sanciones, entonces, resulta clara. Por un lado, eliminar las alegaciones necesariamente supone que la parte sancionada pierde acceso a las defensas que pudieran surgir de sus alegaciones. Sin embargo, esto no significa que también se le tienen que imponer todas las demás consecuencias que son exclusivas a la anotación de la rebeldía; no hay fundamento en derecho que nos obligue a impedir a una parte a quien se le eliminaron las alegaciones, pero no se le anotó la rebeldía, a que presente prueba que refute los méritos de la reclamación de la otra parte.

De esta manera, mantenemos una sanción que es menos severa y que impone menos restricciones que la anotación de la rebeldía. Así, la sanción de la eliminación de las alegaciones tendría la doble función de castigar al infractor por incumplir con las órdenes del tribunal, pero, además, promovería el adecuado desenvolvimiento del proceso. La anotación de la rebeldía, por el contrario, es una sanción tan extrema que solamente podría categorizarse como punitiva.

Es por esto que equiparar ambas sanciones, y eliminar la diferencia sutil en las consecuencias de cada una, tiene como efecto despojar a los jueces y juezas del foro primario de una herramienta importante a su disposición para alentar a las partes a acatar sus órdenes. Este error es aún más patente ante la fuerte política judicial de propiciar la ventilación

de los pleitos en los méritos y la solución justa de las reclamaciones.

**V**

En fin, hoy se nos presentó la oportunidad de aclarar la relación entre dos sanciones distintas que surgen de la Regla 34.3 de Procedimiento Civil, supra. En particular, debíamos auscultar si la sanción de la eliminación de las alegaciones siempre tiene que estar acompañada por la anotación de rebeldía. Para contestar esta interrogante, nuestra única tarea adjudicativa era acudir al texto claro y libre de ambigüedad de la referida regla, el cual revela que la intención legislativa era concederle la prerrogativa a los jueces y juezas de imponer cualquiera de las seis sanciones allí listadas. A pesar de esto, una mayoría de mis compañeros y compañera de estrado se embarcó en una expedición de jurisprudencia estatal y federal que no hace referencia a la controversia real ante nos, sino a una solamente tangencialmente relacionada. En ese ejercicio, equiparan la capacidad y discreción para imponer dos sanciones en conjunto con una obligación de hacerlo. Además, este proceder va en contra de lo que claramente era la ley del caso.

El efecto de esta decisión, además de revivir de manera artificial un dictamen cinco años después de que este adviniera final y firme, resonará en las salas de todos los jueces y juezas de nuestro Tribunal de Primera Instancia. Esto así, pues este Tribunal le ha despojado de la capacidad

de imponer una sanción que, aunque severa, no conllevaba todas las consecuencias de la anotación de la rebeldía.

## VI

Por lo antes expuesto, respetuosamente disiento del curso de acción seguido por una mayoría de este Tribunal.


Maite D. Oronoz Rodríguez
Jueza Presidenta

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Mitsubishi Motor Sales of Caribbean, Inc.<br><br>Apelante<br><br>v.<br><br>Lunor, Inc. y otros<br><br>Apelados | AC-2020-0082 | |

Opinión disidente emitida por el Juez Asociado Señor ESTRELLA MARTÍNEZ, a la cual se une el Juez Asociado Señor COLÓN PÉREZ.

En San Juan, Puerto Rico, a 12 de septiembre de 2023.

En un ejercicio paradójico de nuestra facultad interpretativa, este Tribunal hoy trata de forma análoga dos (2) disposiciones distintas de las Reglas de Procedimiento Civil, a pesar de que invoca la deferencia que ameritan las decisiones de los foros inferiores en nuestro ordenamiento, para justificar la reversión de una determinación previa y establecida del propio Tribunal de Primera Instancia que la emitió. Esto, además, pese a la existencia de sentencias confirmatorias con respecto a la corrección de tal dictamen y la deferencia que merece.

El resultado de tal acto es que, en el afán de defender la discreción del foro de instancia actual para redefinir

los contornos de una sanción emitida y sostenida hace años, se menoscaba la deferencia que en un momento conferimos al dictamen que hoy se enmienda y se merman las herramientas que tiene a su disposición el Tribunal de Primera Instancia para administrar los casos bajo su consideración.

Por entender que no procedía asignar a la sanción de la eliminación de las alegaciones consignada en la Regla 34.3(b)(3) de Procedimiento Civil, infra, el efecto de una anotación de rebeldía y, además, que el trayecto de este caso prohibía que se revisitaran los efectos de la sanción impuesta en el 2015, disiento. A continuación, expongo los fundamentos fácticos y legales que sustentan mi postura.

I

El largo trámite de esta controversia tuvo su génesis en el 2002 cuando Mitsubishi Motor Sales of Caribbean, Inc. (Mitsubishi) presentó una Demanda[1] en contra de varios sujetos, entre estos, el Sr. José Julio Feliciano Prieto, la Sra. Arelys María Concepción Lorenzo y la Sociedad Legal de Gananciales compuesta por ambos, y el Sr. Gustavo E. Guilbe Ortiz, la Sra. Sonia E. Ortiz Ruiz y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, recurridos o parte recurrida). A modo de resumen, Mitsubishi imputó a los recurridos el vender los vehículos y las piezas de su marca

---

[1]La Demanda versa sobre reclamaciones de incumplimiento con transacciones garantizadas, distribución ilegal de dividendos, reducción ilegal de capital corporativo, acción para descorrer el velo corporativo, fraude, incumplimiento de contrato, cobro de dinero, y daños y perjuicios.

sin pagarle las sumas que le correspondían por concepto de pronto, "trade in" o pago en su totalidad.

Luego de varios años de litigio entre las partes, Mitsubishi presentó una <u>Moción urgente solicitando eliminación de alegaciones por incumplimiento con órdenes del Tribunal</u>. En esta, informó que había transcurrido en exceso el término concedido para que la parte recurrida produjera una serie de documentos sin que ello ocurriera. Mitsubishi sostuvo que, dada la contumacia de los recurridos a pesar de varias advertencias del Tribunal, procedía la eliminación de sus alegaciones bajo las Reglas 34.2 y 34.5 de Procedimiento Civil, <u>infra</u>. Tal petición desencadenó en la presentación de una serie de escritos entre las partes que, eventualmente, culminó con la emisión de una <u>Resolución</u> por parte del Tribunal de Primera Instancia el 9 de febrero de 2015.

En tal <u>Resolución</u>, tras repasar los esfuerzos de Mitsubishi para obtener la documentación y las excusas provistas por la parte recurrida sobre la imposibilidad de entregarla, el foro primario expresó que no había sido persuadido de la inhabilidad de los recurridos para producirla, lo cual había prolongado el caso por años. Por consiguiente, determinó que había ocurrido una expoliación de la evidencia solicitada. **No obstante, rechazó dar por aceptadas las alegaciones de Mitsubishi o prohibirle a la parte recurrida presentar prueba en oposición a las**

**reclamaciones.** De esta forma, concluyó que el incumplimiento de los recurridos con las órdenes de producción de documentos acarreaba la eliminación de sus alegaciones como sanción.

Tras la denegación de una solicitud de reconsideración, todavía en desacuerdo, la parte recurrida acudió ante el Tribunal de Apelaciones para cuestionar la sanción impuesta. Mediante una Resolución con fecha de 18 de diciembre de 2015, el foro apelativo intermedio confirmó el dictamen del foro primario. Esto, por entender que el Tribunal de Primera Instancia tenía la facultad para penalizar a los recurridos con la eliminación de sus alegaciones como sanción por haber incumplido con las órdenes relacionadas al descubrimiento de prueba.

Aún inconformes, los recurridos presentaron un recurso ante este Tribunal. Tal trámite concluyó con una Sentencia en la cual confirmamos las determinaciones cuestionadas. Ello, tras concluir que el Tribunal de Primera Instancia había advertido a los recurridos en múltiples ocasiones de las consecuencias de sus incumplimientos y de su obligación de entregar los documentos, por lo que no había abusado de su discreción al sancionarlos con la eliminación de las alegaciones.

Tras advenir final y firme tal dictamen, el asunto regresó ante la consideración del foro primario. Allí comenzó una disputa el 5 de noviembre de 2019 cuando el caso fue llamado para la celebración del juicio en su fondo. En esta

ocasión, la controversia se centró en el alcance de la sanción consignada en la determinación antes reseñada. Según se desprende de la Resolución emitida por el Tribunal de Primera Instancia el 10 de febrero de 2020, Mitsubishi argumentó en la vista que los recurridos estaban impedidos de presentar prueba a su favor debido a la eliminación de sus alegaciones, lo cual los colocaba en la misma posición que una parte en rebeldía. Por su parte, los recurridos señalaron que la Resolución de 2015 hizo constar categóricamente que no les sería prohibido presentar prueba.

En su dictamen al respecto, el foro primario concluyó que los recurridos estaban vedados de presentar prueba y defensas a su favor debido a la eliminación de sus alegaciones. A esto añadió que la parte recurrida solo podía contrainterrogar a Mitsubishi en una vista en rebeldía.

Disconforme, la parte recurrida solicitó la reconsideración y destacó el pronunciamiento del propio tribunal, el cual fue confirmado por todos los foros apelativos, con respecto a la improcedencia de denegarle su derecho a presentar prueba y tratarle como una parte en rebeldía. Argumentó que adoptar esta nueva interpretación implicaría la imposición de una sanción adicional. El foro de primera instancia la declaró no ha lugar.

Aún insatisfechos, los recurridos presentaron una Solicitud de certiorari ante el foro apelativo intermedio en la cual arguyeron que anotarle la rebeldía no solo

representaba una sanción adicional por una conducta que ya había sido penalizada, sino que también violaba abiertamente la ley del caso. A su vez, alegaron que existe una diferencia marcada entre el alcance de una eliminación de las alegaciones y una anotación de rebeldía, pues bajo la primera sanción no existe disposición alguna que prohíba la presentación de prueba tras su imposición.

En consecuencia, el Tribunal de Apelaciones emitió una Sentencia mediante la cual revocó al Tribunal de Primera Instancia. Fundamentó su decisión, principalmente, en la ausencia de justificación para la modificación de la sanción tantos años después y la distinción en el alcance de ambas sanciones. En desacuerdo, Mitsubishi instó una Solicitud de reconsideración que fue denegada.

Así las cosas, Mitsubishi acudió ante este Tribunal y, en reconsideración, una Mayoría decidió expedir el recurso y revocar la determinación del Tribunal de Apelaciones. Disiento de este proceder. Por lo tanto, expuesto el cuadro fáctico que enmarca esta controversia, procedo a discutir el Derecho aplicable en el que fundamento mi postura.

**II**

**A.**

Según lo hemos establecido, de determinar que los actos de una parte están perjudicando y entorpeciendo los procedimientos de alguna forma, los tribunales pueden, a su discreción, prohibir, sancionar o castigar este tipo de

conducta mediante: la eliminación de alegaciones y defensas, la desestimación, la imposición de sanciones económicas, dando por admitidos ciertos hechos e incluso dictar sentencia en rebeldía. Rivera v. Insular Wire Prod. Corp., 140 DPR 912, 930 (1996). En lo pertinente a la situación ante nuestra consideración, nuestro ordenamiento jurídico confiere a los foros judiciales una facultad amplia para imponer sanciones a una parte que se niega u omite descubrir prueba injustificadamente. Rivera v. Tribunal Superior, 99 DPR 276, 279 (1970).

Esta facultad está firmemente establecida en la Regla 34.3 de Procedimiento Civil, 32 LPRA Ap. V, la cual dispone las medidas que puede tomar un tribunal para promover que las partes cumplan con el descubrimiento de prueba. En lo que nos concierne, el inciso (b)(3) de la regla antes citada autoriza al tribunal a emitir una orden para eliminar todas las alegaciones o una porción de ellas cuando una parte se niega a obedecer órdenes de descubrimiento:

> (b) Otras consecuencias. Si una parte o un funcionario o agente administrador de una parte, o una persona designada para testificar a su nombre según disponen las Reglas 27.6 o 28, deja de cumplir una orden para llevar a cabo o permitir el descubrimiento de prueba, incluyendo una orden bajo las Reglas 32 y 34.2, el tribunal podrá dictar, con relación a la negativa, todas aquellas órdenes que sean justas; entre ellas las siguientes:
> […]
> (3) **Una orden para eliminar alegaciones o parte de ellas**, o para suspender todos los procedimientos posteriores hasta que la orden sea acatada, para desestimar el pleito o procedimiento, o cualquier parte de ellos, **o para dictar una**

**sentencia en rebeldía contra la parte que incumpla.** (Énfasis suplido). Íd.

De forma similar, la Regla 39.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2, permite eliminar las alegaciones de una parte como consecuencia de su incumplimiento con las Reglas de Procedimiento Civil o alguna orden del tribunal. A su vez, tal regla dispone que las sanciones se impondrán de forma progresiva. Esto, pues, sanciones de esta magnitud representan "medidas drásticas que chocan con nuestra política pública a favor de que los casos se ventilen en sus méritos". HRS Erase, Inc. v. Centro Médico del Turabo, Inc., 205 DPR 689, 701 (2020).

Ahora bien, tal poder debe ejercerse de forma juiciosa y apropiada. Maldonado v. Srio. de Rec. Naturales, 113 DPR 494, 498 (1982). Cada decisión que se tome al respecto debe estar fundamentada en que la función de un tribunal es impartir justicia dentro de los contornos de un proceso adversativo, por lo que cada controversia debe resolverse en los méritos y no con base en lo que una parte solicita o "**como sanción porque la otra parte no cumplió con algún procedimiento o no compareció**". (Negrilla suplida). Rivera v. Insular Wire Prod. Corp., supra. En fin,

> a pesar de la gran discreción que tienen los tribunales en esta área y del hecho de que estas medidas pueden tener el efecto de facilitar la prueba de su caso a la parte que ha sido diligente en el trámite de su reclamación o defensa, esta facultad de sancionar no puede interpretarse como que se extiende a poder conceder un remedio al cual no se ha demostrado, por la prueba o por las alegaciones, que se tiene derecho. Íd.

**B.**

Por su parte, la Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1, establece que la anotación de rebeldía procede cuando una parte deja de presentar alegaciones o de defenderse, o como una sanción impuesta por el tribunal. Según lo dispone tal regla, "[e]l tribunal, a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3)". Íd. Véase, Álamo v. Supermercado Grande, Inc., 158 DPR 93, 100 (2002).

Destáquese que la anotación de rebeldía tiene el efecto de dar por admitidos los hechos correctamente alegados por la parte reclamante y veda a la parte sancionada de su derecho a presentar prueba a su favor, aunque ello no exime al foro judicial de evaluar si la causa de acción amerita la concesión del remedio solicitado. Bco. Popular v. Andino Solís, 192 DPR 172 (2015). Es decir, en este ámbito, un trámite en rebeldía no garantiza una sentencia favorable para la parte demandante. Continental Insurance Co. v. Isleta Marina, 106 DPR 809 (1978). Esto, pues, aún en rebeldía, la parte tiene derecho a conocer del señalamiento, asistir a la vista, contrainterrogar a los testigos de la parte contraria, impugnar la cuantía y apelar la sentencia, como también a presentar defensas de falta de jurisdicción o de ausencia de hechos constitutivos de una causa de acción. Íd.

**C.**

En nuestra jurisdicción impera el principio de que los derechos y las obligaciones que hayan sido objeto de una adjudicación mediante un dictamen judicial que es final y firmen constituyen la ley del caso. Mgmt. Adm. Servs, Corp. v. E.L.A., 152 DPR 599, 606 (2000). Es decir, "de ordinario los planteamientos que han sido objeto de adjudicación por el foro de instancia o por este Tribunal **no pueden reexaminarse**". (Negrilla suplida). Félix v. Las Haciendas, 165 DPR 832, 843 (2005). Por consiguiente, bajo la doctrina de la ley del caso, las determinaciones sobre algún asunto tomadas por un foro apelativo obligan tanto al foro recurrido como al que las dictó por estas gozar de finalidad y firmeza. Cacho Pérez v. Hatton Gotay y otros, 195 DPR 1, 9 (1987). "De este modo, las partes en un litigio pueden, en lo posible, **conducir su proceder en el pleito sobre unas directrices judiciales confiables y certeras**". (Negrilla suplida). Mgmt. Adm. Servs, Corp. v. E.L.A., supra, págs. 607-08.

Mas, la ley del caso no es un mandato inflexible, aunque su propósito está alineado con la costumbre deseable de que las controversias adjudicadas por un tribunal sean respetadas. Íd., pág. 607. Entiéndase, es en aras de velar porque el trámite de los litigios sea pronto y ordenado, en conjunto con el interés en promover la estabilidad y certeza del Derecho, que la doctrina de la ley del caso tiene como fin "el que los tribunales nos resistamos a reexaminar estos asuntos ya considerados dentro de un mismo caso". In re

Fernández Díaz, 172 DPR 38, 44 (2007). Pero ello puede ceder si aferrarse a la ley del caso de forma absoluta **conduce a resultados manifiestamente injustos**. Noriega v. Gobernador, 130 DPR 919, 931 (1992). Por tanto, "**[e]n situaciones excepcionales**, si un caso, mediante los mecanismos apropiados, vuelve ante la consideración de un tribunal y [e]ste entiende que sus determinaciones previas son erróneas y pueden causar una grave injusticia, puede entonces aplicar una norma de [D]erecho distinta". (Negrilla Suplida). In re Fernández Díaz, supra.

### III

En su petición ante este Tribunal, Mitsubishi señala que la eliminación de las alegaciones fue la sanción impuesta a la parte recurrida por destruir evidencia que era necesaria para probar las alegaciones de la demanda, lo que le provocó un daño irreparable que acarrea una penalidad más severa para tener un verdadero efecto reparador. Arguye que una parte a quien le son eliminadas sus alegaciones se coloca en la misma posición que alguien que está en rebeldía, pues no tiene defensas en contra de las alegaciones afirmativas de la parte demandante ni tiene algo que sustentar con prueba a su favor. Finalmente, expone que no hay ley del caso sobre el asunto de la rebeldía porque ello no fue objeto de adjudicación o litigio, y que las expresiones sobre la improcedencia de la anotación de rebeldía y la prohibición de presentar prueba en la Resolución de 2015 constituyeron un obiter dictum.

Por su parte, los recurridos argumentan que la determinación del Tribunal de Apelaciones se adhiere a la doctrina de la ley del caso y que no se alcanza el estándar de grave injusticia o resultado manifiestamente injusto para desecharla. Indica que, en el 2015, el Tribunal de Primera Instancia sopesó su incumplimiento e impuso la sanción que estimó apropiada, excluyendo expresamente la anotación de rebeldía o dar por probados los hechos alegados por Mitsubishi. De este modo, niega que esto último constituya un obiter dictum, particularmente porque el foro de instancia consignó una denegación expresa de tales remedios según fueron solicitados por Mitsubishi. Finalmente, la parte recurrida rechaza que la eliminación de las alegaciones y la anotación de rebeldía sean equivalentes, pues el ordenamiento jurídico los trata por separado, incluso a través de disposiciones reglamentarias diferentes. Insiste en que conferirles un trato equitativo a estas alturas es sancionarlo nuevamente por hechos que ya fueron adjudicados. **La parte recurrida tiene la razón.**

Según se relató, el 9 de febrero de 2015, el Tribunal de Primera Instancia emitió una Resolución en la cual destacó que, desde el 2002, Mitsubishi había promovido medidas de descubrimiento que habían sido repelidas por los recurridos. En consecuencia, el foro primario se vio convencido de que tomó lugar una expoliación de la prueba que debía ser sancionada. Ahora bien, el foro de instancia fue sumamente

específico en su análisis sobre la sanción que procedía y expuso lo siguiente:

> Ahora bien; [¿]cuál es el remedio apropiado? Los demandantes solicitan varios[,] a saber: a) [s]e tenga por probada la demanda, b) [p]rohibición a oponerse y/o presentar prueba en oposición a las reclamaciones incoadas por MMSC[,] c) la eliminación de las alegaciones y d) anotar la rebeldía dictando sentencia en rebeldía en cuanto a los co-demandados.

> Este Tribunal no puede pasar por alto el principio establecido por nuestra más Alta Curia, el Honorable Tribunal Supremo de Puerto Rico en los casos <u>Municipio de Arecibo v. Almac Yakima</u>, 154 DPR 217 (2001) [y] <u>Rivera v. Superior Pkq Inc.</u>, 132 DPR 115 (1992) a los efectos [que] prevalezca una clara política judicial [de que] los casos se ventilen en sus méritos. **Hay elementos subjetivos de intención, actuación, propósitos mentales y otros factores que mueven a este tribunal [a] <u>denegar la petición de [la] parte demandante de anotar rebeldía y dictar sentencia a los co-demandados</u>, <u>tampoco queda convencido este Tribunal [que] proceda dar por probado el pleito</u>, <u>menos prohibir a los demandados presentar prueba en oposición a las reclamaciones incoadas por [Mistubishi]</u>.** No obstante [,] concluye este Tribunal [que] la parte demandada ha menospreciado el proceso de descubrir prueba, faltando a la diligencia e incumpliendo con las múltiples órdenes de este Tribunal dada[s] por los varios jueces que han atendido este asunto desde el año 2002.

> Por tanto, se ordena y quede ordenado la eliminación de todas las alegaciones de la parte demandada a todos los efectos legales y sobre todas las controversias objeto de este litigio.[2]

De este texto se desprende diáfanamente que, aunque el Tribunal de Primera Instancia le dio la razón a Mitsubishi con respecto a la conducta contumaz y evasiva de los recurridos en lo relacionado con el descubrimiento de prueba,

---

[2] (Negrilla y subrayado suplido). Apéndice de <u>Recurso apelación</u>, págs. 119-120.

también dispuso específicamente que no concedería la totalidad del remedio solicitado. Entiéndase, si bien Mitsubishi peticionó específicamente que, además de la eliminación de las alegaciones se le prohibiera a los recurridos presentar prueba, se le anotara la rebeldía, se dieran por probadas las alegaciones de la demanda y se procediera a dictar sentencia a su favor, **el Tribunal de Primera Instancia lo denegó de forma cabal e inequívoca.**

Esta decisión interlocutoria fue cuestionada ante el foro apelativo intermedio. Sin embargo, tal tribunal confirmó la decisión del Tribunal de Primera Instancia y afirmó que este "tiene la facultad para eliminar la totalidad de las alegaciones de aquella parte que incumpla con las órdenes que permitan el descubrimiento de prueba".[3] Asimismo, este Tribunal confirmó los dictámenes recurridos mediante una Sentencia en la cual, citando la doctrina de deferencia, concluimos que el "foro de primera instancia no erró al eliminar las alegaciones ni abusó de su discreción".[4] En esta, además, este Tribunal hizo una expresión que es de suma importancia a la luz del desarrollo actual del caso:

> Resolver lo contrario afectaría el buen balance de los intereses que persigue la economía procesal, la buena marcha de los procesos y el correcto funcionamiento de nuestro sistema de justicia. Además, limitaría, desmesuradamente, las facultades de los jueces de instancia de lidiar con los

---

[3]Íd., pág. 129.

[4]Íd., pág. 160.

inconvenientes continuos que puede generar una parte en el proceso judicial.[5]

Es evidente, pues, que la <u>Resolución</u> que emitió el Tribunal de Primera Instancia en el 2015 fue avalada en toda su extensión por los foros apelativos, sin ambigüedades o condiciones. **<u>En palabras simples, su decisión de sancionar a los recurridos exclusivamente con la eliminación de sus alegaciones y denegar específicamente la anotación de rebeldía o la prohibición de presentar prueba quedó firmemente establecida como la ley del caso</u>**. Por consiguiente, no puede haber confusión jurídica alguna con respecto a los parámetros de la sanción que el foro primario impuso a los recurridos por sus acciones durante el descubrimiento de prueba y, ciertamente, contrario a lo esbozado por la ponencia mayoritaria, no existe necesidad de esclarecer algún aspecto de esta.

No obstante, con el caso llamado para juicio en el 2019, Mitsubishi argumentó que los recurridos estaban impedidos de presentar prueba debido a que sus alegaciones habían sido eliminadas, lo que, a su juicio, necesariamente implicaba que estaban en rebeldía. Ante ello, los recurridos señalaron correctamente que la <u>Resolución</u> de 2015 expresamente estableció que no se les denegaría presentar prueba.

Así las cosas, el 10 de febrero de 2020, el Tribunal de Primera Instancia, por voz de una juez diferente al que emitió

---

[5] Íd., pág. 161.

la Resolución en cuestión, "aclaró" que los recurridos "están impedidos de presentar prueba y defensas a su favor, ello ante la realidad inescapable de que sus alegaciones le fueron eliminadas y a lo único que tendrían derecho es a contrainterrogar a la parte demandante en la vista en rebeldía que en su día ha de tener efecto".[6] Esto, no solo en total abstracción del texto literal de la Resolución que estaba "aclarando", sino también completamente huérfano de fundamento o explicación legal alguna para justificar tal conclusión.

Es un hecho innegable que, al proceder de esta forma, el Tribunal de Primera Instancia reformuló una sanción que había sido impuesta cinco (5) años antes y reinterpretó su extensión en contravención a los parámetros claros consignados en el propio dictamen que "aclaró". Ello, a pesar de que la naturaleza de la sanción y su alcance habían sido avalados en su totalidad tanto por el Tribunal de Apelaciones como por este Tribunal tras determinar, contundentemente, que no procedía intervenir con aspecto alguno del mismo.

Ante esta inesperada reversión de los términos impuestos por el foro de instancia en el 2015, el Tribunal de Apelaciones, correctamente, emitió una Sentencia para revocar la nueva interpretación conferida a la letra clara de la Resolución en pugna. En su dictamen, el foro apelativo intermedio señaló lo que es evidente:

---

[6]Íd., pág. 168.

No surge del récord razón alguna para tal proceder; tampoco el TPI expuso a qué podría responder un cambio de parecer. En particular, no se adujo que el cambio fuese producto de algún error patente de [D]erecho, o que respetar lo dispuesto en la Resolución de 2015 causaría una grave injusticia.

Tampoco puede justificarse lo actuado por el TPI sobre la base de que, al eliminarse las alegaciones de una parte, esta no puede defenderse o presentar prueba para refutar la presentada en su contra. La eliminación de alegaciones no es equivalente a una anotación de rebeldía.[7]

Acertadamente, el Tribunal de Apelaciones destacó los tres (3) fundamentos principales por los que la nueva determinación del Tribunal de Primera Instancia estuvo errada, a saber: (1) la determinación del 2015 fue confirmada por los foros apelativos; (2) no existe justificación para variar su lenguaje tantos años después, y (3) no existe fundamento legal en nuestro ordenamiento que asimile la eliminación de las alegaciones a la anotación de rebeldía.

Sin embargo, a pesar de cuán patente fue el error del Tribunal de Primera Instancia a la luz de estos fundamentos, hoy una mayoría de los miembros de este Foro no solo revoca la determinación del Tribunal de Apelaciones, sino que también decide que este caso provee el escenario ideal para redefinir dos (2) disposiciones separadas y distintas de nuestro ordenamiento civil como intercambiables entre sí.

Ignorando el texto claro de la Regla 34.3(b)(3), supra, la cual enumera de forma separada la capacidad y discreción del tribunal para eliminar todas o parte de las alegaciones

_____

[7] Íd., pág. 196.

**o** dictar sentencia en rebeldía ante la negativa de una parte a obedecer una orden para descubrir prueba, este Tribunal fundamenta la alegada equivalencia en el efecto práctico entre ambas sanciones en ciertos precedentes que, a mi juicio, además de antiguos e imprecisos, fueron representados inadecuadamente.

De entrada, Polo v. Domínguez, Juez de Distrito, 15 DPR 607 (1909), trata sobre la improcedencia del uso de un recurso de certiorari para atender una controversia luego de que el Tribunal de Primera Instancia denegara una enmienda a la contestación a la demanda. En aquel entonces, cuando este Tribunal expresó que procedía dictar sentencia en contra del peticionario, se refirió a su determinación de anular el recurso que había expedido, no ante el foro de primera instancia por la ausencia de una alegación de la parte. Ello se desprende manifiestamente de tal dictamen y demuestra la ausencia de relación entre aquella controversia y la que atendemos hoy.[8]

---

[8]A continuación, el texto íntegro de la la sección dispositiva del caso:

> Por cuanto la peticionaria en este caso tiene un remedio expedito y adecuado por medio de un recurso ordinario de apelación y no existe necesidad para un auto de certiorari, [e]ste debe ser denegado, permitiéndosele a la corte inferior el que proceda con la vista de la causa, según su discreción propiamente ejercitada. De acuerdo con esta opinión del caso, se sigue que el auto de certiorari anteriormente expedido debe anularse con costas contra la peticionaria, y que se dicte sentencia en este caso de acuerdo con esta opinión. Polo v. Domínguez, Juez de Distrito, 15 DPR 607, 610 (1909).

De otra parte, en <u>Acevedo v. Compañía Telefónica de Puerto Rico</u>, 102 DPR 787 (1974), como reconoce la <u>Opinión</u> mayoritaria, este Tribunal expresó que la eliminación de las alegaciones bajo la antigua Regla 37.2 de Procedimiento Civil de 1958, 32 LPRA ant. Ap. II, por ausentarse a una conferencia preliminar a juicio, priva a la parte de su día en corte. Ahora bien, no solo es necesario señalar que tal sanción fue revocada por este Tribunal debido a su severidad extrema ante las circunstancias, sino que también la disposición en cuestión es distinguible de la Regla 34.3 de Procedimiento Civil, <u>supra</u>, que hoy analizamos, la cual, según se expuso anteriormente, divide las sanciones de la eliminación de las alegaciones y un dictamen en rebeldía. **De hecho, la disposición reglamentaria sobre la cual versa el caso antes citado ya no existe en nuestro ordenamiento, por lo que un análisis por analogía entre esta y la que hoy nos ocupa es desacertado.**

Asimismo, la <u>Opinión</u> mayoritaria sostiene que <u>Continental Ins. Co. v. Isleta Marina</u>, supra, demuestra la transición orgánica que siempre ha avalado este Tribunal entre la eliminación de las alegaciones y la anotación de rebeldía. **No obstante, el propio dictamen citado recalca que corresponde al tribunal optar por la sanción específica que impone.** En tal caso, el tribunal **escogió** eliminar las alegaciones y anotar la rebeldía. De otro lado, valga mencionar que <u>Continental</u> no provee un análisis detallado de la relación

entre la eliminación de las alegaciones y la anotación de rebeldía, pues lo cierto es que tal precedente versa propiamente sobre el peso de la prueba sobre la parte demandante cuando a la otra parte se le ha anotado la rebeldía. Como hemos visto, en el caso ante nuestra consideración, la realidad fáctica es radicalmente distinta.

Finalmente, aunque la Opinión mayoritaria cita a Arce v. Club Gallístico de San Juan, 105 DPR 305 (1976), como ejemplo de que "expresamos hace más de cuarenta años […] que luego de una orden para eliminar las alegaciones de la parte demandada procede 'declararla en rebeldía y resolver la causa en su contra'"[9], es necesario destacar que tal atribución es, aún bajo la interpretación más generosa, exagerada.

La realidad es que Arce solo menciona la eliminación de las alegaciones y la anotación de rebeldía de forma incidental y como parte de una lista de ejemplos sobre las sanciones que el tribunal tiene la facultad para imponer. Esto, debido a que los peticionarios en aquel caso protestaron el poder del tribunal para desestimar el caso como sanción. Es decir, el precedente citado por el criterio mayoritario como vinculante no solo guarda una relación, como mucho, marginal con la controversia que hoy está ante nuestra consideración, sino que también requiere un esfuerzo monumental para interpretar que este declara de forma contundente que la eliminación de las alegaciones conlleva de forma obligatoria la declaración

---

[9]Véase, Opinión mayoritaria, pág. 20.

de rebeldía y la resolución en contra de la parte sobre quien recayó tal acto.

Ahora bien, lo que sí surge de un precedente más reciente y atinente de este Tribunal es que la eliminación de las alegaciones **"no es óbice para que este, por medio de una vista evidenciaria, pueda probar la veracidad de sus aseveraciones en aras de resolver las controversias de hechos que aún persisten en el caso de autos"**. (Negrilla suplida). Mejías v. Carrasquillo, 185 DPR 288, 306 (2012). Es decir, citando al propio Continental, establecimos que

> **la eliminación de las alegaciones no conlleva, de por sí, la inexistencia de controversias de hechos que justifica el que no se celebre una vista evidenciaria.** Hemos dispuesto reiteradamente que el proceso de formar consciencia judicial exige que se compruebe cualquier aseveración mediante prueba y, para ello, el tribunal deberá celebrar las vistas que crea necesarias y adecuadas. (Negrilla suplida). Mejías v. Carrasquillo, supra.

A pesar de esta expresión patente e ineluctable, hoy, este Tribunal avaló una determinación en la dirección opuesta bajo una nueva reformulación del efecto de la eliminación de las alegaciones bajo la Regla 34.3(b), supra. Esto, a pesar de que, al momento en el que el Tribunal de Primera Instancia redefinió los parámetros de la Resolución original y, en consecuencia, impuso una nueva y más severa sanción años después del incumplimiento, **no existía disposición legal o jurisprudencia alguna en nuestro ordenamiento que equiparara las consecuencias de la eliminación de las alegaciones y la anotación de rebeldía.**

Es decir, el Tribunal de Primera Instancia actuó sin arraigo alguno en Derecho y este Tribunal, ex post facto, decidió proveérselo y aplicarlo retroactivamente a este caso **sin explicación alguna de por qué.** En el momento en el que se produjo la Resolución en controversia, nuestro estado de Derecho establecía sin ambigüedades que la anotación de rebeldía implicaba que se daban por admitidos los hechos bien alegados y que la parte en rebeldía quedaba imposibilitada de presentar prueba a su favor. Por su parte, la parte cuyas alegaciones fueran eliminadas como sanción todavía tenía la capacidad de impugnar los méritos de la reclamación de la parte contraria, aunque no pudiera demostrar los méritos de las defensas que fueron consignadas en las alegaciones eliminadas. Fue, precisamente, por tal razón que el Tribunal de Primera Instancia se rehusó a conceder la anotación de rebeldía y la prohibición de presentar prueba, como también a dictar sentencia tomando los hechos de la demanda como ciertos, y así lo hizo constar en la Resolución de 2015.

Ciertamente, la parte recurrida no fue hiperbólica al describir este desarrollo como una segunda y más severa sanción por una conducta que ya había sido adjudicada y penalizada. El principio rector de la doctrina de la ley del caso es conferirle certeza a las determinaciones de los tribunales de modo que las partes puedan conducirse con confianza dentro de sus márgenes. **No solo esta nueva determinación le roba certeza a un dictamen que orientó a las**

**partes por cinco (5) años, sino que ello también se hizo en abierta oposición al estándar que requiere un error patente en Derecho o una grave injusticia para obviarle.**

A pesar de que la Mayoría insiste en que no intervenir con la Sentencia del Tribunal de Apelaciones hubiera producido "un resultado evidentemente injusto",[10] tal injusticia nunca se manifiesta explícitamente en el razonamiento de la Opinión mayoritaria. O, por lo menos, esta no se expresa más allá de parecer articular las razones por las que la conducta de los recurridos hace tantos años merece ser sancionada por segunda ocasión y de una forma más severa debido a las consecuencias que esta tuvo sobre Mitsubishi.[11] Así las cosas, cabe preguntarse si al modificar de forma tan drástica la posición de las partes cuando por fin se verán los méritos del caso en un juicio, entonces la injusticia patente no se manifiesta en cómo la parte recurrida se ve afectada de forma aún más severa cinco (5) años después de que fue penalizada en primer lugar.

En fin, por entender que no existe fundamento para intervenir con la determinación del Tribunal de Apelaciones, la cual está firmemente cimentada tanto en el expediente como

---

[10]Íd., pág. 23.

[11]Íd., pág. 25. Según la Opinión mayoritaria: "[r]esolver de esa manera haría que la sanción de la eliminación de *todas* las alegaciones resulte inoficiosa, máxime cuando la conducta de los recurridos coloc[ó] al peticionario en un estado de indefensión para promover su causa de acción." (Énfasis en el original).

en el Derecho, y que no se sustenta la redefinición que impone esta Opinión en el ordenamiento procesal civil, disiento.

## IV

Por los fundamentos antes expresados, disiento del proceder mayoritario. En cambio, hubiera confirmado la Sentencia emitida por el Tribunal de Apelaciones y devuelto el caso al foro primario para la continuación de los procedimientos.

                                        Luis F. Estrella Martínez
                                             Juez Asociado