ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| EMMANUEL SANTIAGO RODRÍGUEZ H/N/C ESR PLUMBING SERVICES<br><br>Apelado<br><br>v.<br><br>RAYMOND RIVERA GUINDIN, CSP<br><br>Apelante | KLAN202400140 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso Número: CG2020CV02783<br><br>Sobre: Cobro de dinero-Ordinario |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 20 de mayo de 2024.

Comparece ante nos, la Corporación Raymond Rivera Guindin, CSP (Corporación RRG o apelante) y solicita que revoquemos la *Sentencia*[1] en rebeldía que emitió y notificó el Tribunal de Primera Instancia, Sala de Caguas (TPI o foro primario) el 30 de octubre de 2023. Mediante el referido dictamen, el TPI declaró Ha Lugar la *Demanda*[2] sobre cobro de dinero que el Sr. Emmanuel Santiago Rodríguez (Sr. Santiago Rodríguez o apelado) instó en su contra y condenó a la Corporación RRG a pagar $37,868.01 a favor del Sr. Santiago Rodríguez, más honorarios, gastos y costas.

Por los fundamentos que expondremos, revocamos la *Sentencia* apelada. Para una mejor comprensión del curso decisorio de esta Curia, procedemos a resaltar el tracto procesal y la controversia ante nos.

### I.

---

[1] Apéndice, págs. 1-14.
[2] Apéndice, págs. 26-27.

Número Identificador:

SEN2024_____

En su reclamación, el Sr. Santiago Rodríguez alegó que, la Corporación RRG lo contrató para rendir servicios profesionales de plomería en los proyectos Mirador Escorial en Carolina y Miramelinda en Río Grande. Adujo haber completado los servicios contratados, valorados en $37,868.01, sin que la Corporación RRG le pague por los servicios prestados. Ello, a pesar de los múltiples intentos de cobro. A raíz de lo anterior expuso que, la cuantía reclamada está vencida y es líquida y exigible, toda vez que, el Sr. Raymond Rivera Guindin (Sr. Rivera Guindin), presidente de la Corporación RRG, presuntamente reconoció la deuda y se comprometió a satisfacer el pago. Sobre tales bases, solicitó al TPI que condenara a la Corporación RRG al pago de $37,868.01, más intereses, costas y $10,000.00 en honorarios de abogado.

En reacción, la Corporación RRG presentó su alegación responsiva, sin someterse a la jurisdicción del TPI.[3] En síntesis alegó que, entre la corporación y el Sr. Santiago Rodríguez no hubo un contrato, más bien, que el Sr. Santiago Rodríguez se comprometió a realizar unas labores de plomería, las cuales abandonó sin finalizar. Añadió que, tales circunstancias la obligaron a contratar los servicios de plomería de un tercero. Corolario de lo anterior, negó la deuda que reclamó el Sr. Santiago Rodríguez, la cual señaló como excesiva.

Así las cosas, el foro primario calendarizó una *Conferencia Inicial.*[4] Ante la incomparecencia de la Corporación RRG, el TPI transfirió la vista para el 5 de agosto de 2021[5] y, separadamente, emitió una *Orden Para Mostrar Causa* con el propósito de que la parte demandada exprese las razones para su incomparecencia.[6] En cumplimiento con lo requerido, la representante legal de la

---

[3] Apéndice, págs. 28-29.
[4]Véase, la entrada núm. 11 del expediente digital del Caso Núm. CG2020CV02783 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[5] Apéndice, págs. 31-32.
[6] Véase, la entrada núm. 12 en SUMAC.

Corporación RRG compareció y atribuyó su incomparecencia a una cita médica y a un viaje fuera de Puerto Rico.[7]

Celebrada la *Conferencia Inicial*, con la participación de las representaciones legales de ambas partes,[8] el TPI señaló una *Vista de Seguimiento* para el 12 de octubre de 2021, ante la posibilidad de un acuerdo transaccional. Llegado el día, la representante legal de la parte demandada no compareció.[9] En su consecuencia, el TPI transfirió la vista para el 30 de noviembre de 2021.

Ante la incomparecencia de la Lic. Lourdes M. Torres Esteves a la vista re-señalada para el 30 de noviembre de 2021, el foro primario emitió una *Orden de Mostrar Causa*[10] en la cual le impuso una sanción de $150.00 a favor de la parte demandante y la apercibió de que otro incumplimiento con órdenes o señalamientos del TPI conllevará la anotación de la rebeldía a la parte demandada, más otras potenciales sanciones. A esos efectos, señaló la Conferencia con Antelación a Juicio para el 21 de enero de 2022.

Se desprende del volante de notificación correspondiente que, el foro primario ordenó notificar la referida orden de mostración de causa a la dirección postal del Sr. Rivera Guindin (PO Box 5863, Caguas PR 00726) y a los respectivos correos electrónicos de las representaciones legales de ambas partes.[11] Asimismo, surge de la *Minuta* de dicha vista que el foro primario ordenó a las partes presentar el Informe para el Manejo del Caso en o antes del 14 de enero de 2022.

A la vista del 21 de enero de 2022, la Lic. Torres Esteves no compareció, tampoco la parte demandada.[12] En reacción, el TPI sancionó la incomparecencia de la parte demandada mediante la

---

[7] Apéndice, págs. 33-34.
[8] Apéndice, pág. 35.
[9] Véase, la entrada núm. 17 en SUMAC.
[10] Véase, la entrada núm. 18 en SUMAC.
[11] *Íd.*
[12] Véase, la entrada núm. 21 de SUMAC.

anotación de la rebeldía a la Corporación RRG, aumentó a $300.00 la sanción económica previamente impuesta y señaló la vista en rebeldía para el 21 de marzo de 2022.

Precisa resaltar que, la referida *Minuta* no fue notificada en autos.

Con anterioridad al próximo señalamiento, el 7 de febrero de 2022, la parte demandada compareció ante el foro primario mediante una *Moción para Cumplir Orden.*[13] Allí, la Lic. Torres Esteves, en representación de la Corporación RRG, indicó que advino en conocimiento -a través de su representado- de la *Orden de Mostrar Causa* fechada el 30 de noviembre de 2021, la cual aseguró que no le fue notificada por correo electrónico. Expuso, además, que envió a la abogada de la parte demandante su proyecto de *Informe para el manejo de caso* desde el 10 de junio de 2021, junto a una invitación a un diálogo conciliador. Añadió que, ese mismo día remitirá a dicha abogada el pago de la sanción que fue impuesta a favor de ésta.

Se desprende del expediente que, el TPI emitió una *Orden,*[14] notificada el 18 de marzo de 2022, mediante la cual transfirió la vista en rebeldía para el 12 de mayo de 2022 debido a que, el señalamiento previo no correspondía a un día laborable en el Poder Judicial.

Inconforme, la Corporación RRG presentó otra moción,[15] mediante la cual informó que, tras una búsqueda en SUMAC, se percató de que varias órdenes que figuraban en el expediente digital presuntamente no le fueron notificadas debidamente, entre otras, la orden mediante la cual el foro primario anotó la rebeldía a su representado y aumentó la sanción previamente impuesta. Solicitó al foro primario el levantamiento de la rebeldía fundamentado en la

---

[13] Apéndice, págs. 40-41.
[14] Apéndice, págs. 42-43.
[15] Apéndice, págs. 44-47.

presunta falta de notificación, en que la eliminación de las alegaciones de su cliente es la sanción más severa y en que, a su entender, el levantamiento no retrasa la celebración del juicio ni resulta oneroso al Sr. Santiago Rodríguez.

A pesar de lo antes, el 12 de mayo de 2022, el TPI procedió a celebrar la *Vista en Rebeldía.*[16] Cabe señalar que, el 17 de marzo de 2023, transcurridos diez meses de la celebración de la vista en rebeldía, el TPI emitió una *Orden*[17] a los efectos de disponer que el Sr. Santiago Rodríguez expusiera su posición en torno a solicitud de levantar la anotación de rebeldía que la parte demandada solicitó el 23 de marzo de 2022, y reiteró el 19 de abril de 2023.[18]

Al cabo de más de un año de lo anterior y sin que la parte demandante acreditara su posición en torno al relevo de la anotación de rebeldía que solicitó la Corporación RRG, el TPI notificó la *Sentencia* apelada en rebeldía mediante la cual, declaró ha lugar la demanda y ordenó a la Corporación RRG pagar a favor del Sr. Santiago Rodríguez $37,868.01, más $1,000.00 en honorarios por temeridad, los gastos y las costas relacionadas con el litigio.

En desacuerdo, la Corporación RRG presentó una *Moción de Reconsideración.*[19] En ella alegó que, a partir de la celebración de la vista sobre conferencia inicial, no recibió notificaciones del TPI a través de correo electrónico, ni por correo regular, lo cual constituyen las razones para sus incomparecencias. Hizo constar que, la parte demandante no se expresó en torno a su escrito solicitando que se levantara la anotación de rebeldía.

---

[16] Apéndice, págs. 48-51. La minuta fue enmendada a los efectos de corregir el nombre del juez y el número del salón.
[17] Apéndice, pág. 52.
[18] Véase, la entrada núm. 29 en SUMAC.
[19] Apéndice, págs. 16-24.

Evaluado lo anterior, el TPI denegó el petitorio de reconsideración.[20] Inconforme, la Corporación RRG acude ante esta Curia y señala en su recurso la comisión de cuatro errores, a saber:

> Erró el Tribunal de Primera Instancia al dictar Sentencia en rebeldía en contra de la parte apelante, a pesar de que procedía el relevo de la anotación de rebeldía en estricto derecho, constituyendo esta actuación un abuso de discreción, error manifiesto de derecho y una actuación contraria al debido proceso de ley.

> Erró el Tribunal de Primera Instancia al dictar Sentencia en Rebeldía en contra de la parte apelante, a pesar de que la propia demanda no surge una reclamación que justifique la concesión de un remedio al faltar alegaciones de temporalidad.

> Erró el Tribunal de Primera Instancia al dictar Sentencia en Rebeldía en contra de la parte apelante, y ordenando el pago de la suma de $37,868.01, a pesar de que el propio apelado admitió que no completó la obra que alega por la que fue contratado. Asimismo, el foro primario erró al no especificar esta admisión en sus determinaciones de hecho.

> Erró el Tribunal de Primera Instancia al imponer la suma de $1,000.00 en concepto de honorarios de abogados, más los gastos y costas, a pesar de que la parte apelante no fue temeraria y procedía el levantamiento de la rebeldía.

Examinada la apelación, apercibimos a la parte apelada del término permitido, conforme autoriza la Regla 22 del Reglamento del Tribunal de Apelaciones para presentar su oposición. Ha transcurrido mayor término sin que se haya acreditado la oposición, por lo que, según advertido, procedemos a resolver sin el beneficio de su comparecencia.

**II.**

#### A. La eliminación de las alegaciones

La Regla 39.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2 faculta al tribunal a eliminar las alegaciones de una parte como sanción ante su incumplimiento con las órdenes del tribunal. *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc. y otros,* 2023 TSPR 110, resuelto el 12 de septiembre de 2023. Sin embargo, debido a que esta sanción atenta en contra de la política pública de

---

[20] Apéndice, pág. 25.

que los casos se ventilen en sus méritos, este poder deberá ser ejercido de forma juiciosa y apropiada. *Íd.*

Sobre el particular, la Regla 39.2 de Procedimiento Civil, *supra,* dispone:

[...]

Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o la abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que ésta no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación, que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.

Es menester enfatizar que, la facultad que concede la Regla 39.2 de Procedimiento Civil, *supra,* debe ser ejercitada después de un sereno y cuidadoso escrutinio, en casos en los cuales no hay duda de la irresponsabilidad y contumacia de la parte contra quien se toman las medidas drásticas. *Íd.* Además, no sin antes apercibir a la representación legal de la parte correspondiente y de concederle la oportunidad de responder. *Íd.* Ante la inacción de la parte en respuesta al apercibimiento, el tribunal impondrá sanciones y notificará sobre el asunto directamente a la parte, con el debido apercibimiento de los efectos que su incumplimiento conlleva. *Íd.* Cumplido dicho trámite, el tribunal estará en posición de imponer la sanción que corresponda. *Íd.*

Recientemente, en *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc. y otros,* supra, el Tribunal Supremo resolvió que, la eliminación de las alegaciones como sanción guarda relación con la

anotación de rebeldía. Ello, en la medida en que, cuando a un demandado se le eliminan todas sus alegaciones se allana al litigio instado en su contra, tal cual ocurre cuando un demandado no contesta la demanda. *Íd.* Entiéndase que, la rebeldía es una consecuencia lógica cuando la parte demandada carece de alegaciones. *Íd.*

Sobre este asunto el Tribunal Supremo abundó que, antes de anotar la rebeldía -como sanción- el tribunal tiene que evaluar si los hechos materiales que surgen de la demanda están bien alegados, si los mismos proceden como cuestión de derecho y si carecen de alegaciones concluyentes. *Íd.* Con el fin de poder dictar sentencia en rebeldía, conforme a derecho, el tribunal puede exigir que la parte demandante presente prueba sobre los elementos de la causa de acción. *Íd.*

### B. Notificación de órdenes

Como se sabe, y atinente al recurso de epígrafe, es preciso señalar que, en cuanto a las notificaciones de órdenes, resoluciones y sentencias cuando a una parte se le ha anotado la rebeldía, la Regla 65.3(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 65.3(a) establece que, el Secretario o Secretaria debe notificar el archivo en autos de copia del dictamen "a todas las partes que hayan comparecido en el pleito". La notificación debe realizarse de conformidad con la Regla 67.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 67.1, la cual dispone: "[t]oda orden emitida por el tribunal y todo escrito presentado por las partes será notificado a todas las partes. La notificación se efectuará el mismo día en que se emita la orden o se presente el escrito". Sobre este tema, el Tribunal Supremo de Puerto Rico ha expresado que, la notificación adecuada de una orden a las partes "es parte integral de la actuación judicial y afecta el estado procesal del caso". *Caro v. Cardona*, 158 DPR 592, 600 (2003).

La notificación y el archivo en autos de una copia de la notificación de un dictamen resulta ser una etapa crucial del proceso adjudicativo. *Bco. Popular v. Andino Solís*, 192 DPR 172 (2015); *Yumac Home v. Empresas Masso,* 194 PDR 96 (2015). Este deber de notificación no constituye un mero requisito impuesto por las Reglas de Procedimiento Civil, sino del debido proceso de ley. *Íd.* Por eso, la correcta y oportuna notificación de las órdenes y sentencias es un requisito *sine qua non* de un ordenado sistema judicial. *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525 (2019). Su omisión puede conllevar graves consecuencias, además de crear demoras e impedimentos en el proceso judicial. *Íd.*

Cabe puntualizar que, la notificación adecuada a las partes es parte integral de una acción judicial y tiene que ser emitida por un tribunal con jurisdicción para que el dictamen a notificar surta efecto. *Bco. Popular v. Andino Solís*, supra. Es a partir de la notificación que comienzan los términos establecidos. *Íd.* Por tanto, de no notificarse adecuadamente la resolución, orden o sentencia, esta no surte efecto y los términos no comienzan a cursar. *Íd.*

En lo atinente al caso de marras, nuestro más Alto Foro dispuso en *HRS Erase v. CMT*, 205 DPR 689, 712 (2020) que, previo a imponer una sanción tan drástica como lo es la eliminación de las alegaciones o la desestimación de una causa de acción, el tribunal tiene que apercibir directamente a la parte sobre el incumplimiento de su representante legal con las órdenes del tribunal y de las consecuencias de ello, independientemente de que la parte sea una persona natural o jurídica.

**III.**

En su recurso, la Corporación RRG argumenta que el foro de instancia erró al dictar sentencia en su contra en rebeldía. Ello, a pesar de que, en estricto derecho, procedía ser relevada de la rebeldía porque presuntamente no fue debidamente notificada de

los dictámenes del TPI relacionados a la imposición de la rebeldía. Señala que, al así actuar, el TPI violó los principios fundamentales del debido proceso de ley. A lo antes se añade que, la Corporación RRG contestó la demanda y sometió el descubrimiento de prueba, demostrando así su intención de participar activamente en el proceso legal.

Tras un detenido examen del expediente ante nuestra consideración, así como de los documentos que surgen del expediente digital en SUMAC, constatamos que previo a sancionar a la Corporación RRG con la anotación de rebeldía, el foro primario emitió dos órdenes de mostrar causa dirigidas a la parte demandada; apercibió a dicha parte y a su representación legal que su incumplimiento con las órdenes del tribunal pudiese conllevar la anotación de la rebeldía, entre otras potenciales sanciones. Luego impuso una sanción económica a favor de la parte demandante. A lo anterior se añade que, el foro primario notificó la *Orden de Mostrar Causa* fechada el 30 de noviembre de 2021 a las representaciones legales de ambas partes, así como, directamente a la Corporación RRG.

Sin embargo, precisamos que, la *Minuta* de la vista celebrada el 21 de enero de 2022 no fue notificada en autos. Resulta imperioso puntualizar que, fue durante dicho señalamiento que, el TPI sancionó a la parte demandada al anotar la rebeldía a la Corporación RRG y aumentar la sanción monetaria a $300.00. Entiéndase que, no obra en el expediente una orden del TPI que recoja la referida determinación y que haya sido notificada a la Corporación RRG y a ambas representaciones legales, tal cual lo exigen las normas aplicables al debido proceso de ley.

Aun cuando el TPI apercibió la anotación de rebeldía en la *Orden de Mostrar Causa* notificada el 30 de noviembre de 2021, posteriormente notificó una *Orden* el 18 de marzo de 2022 en la cual

informó la transferencia de la vista en rebeldía para el 12 de mayo de 2022, ello no subsana el hecho de que el foro primario no notificó a la Corporación RRG ni a su representante legal el dictamen por el cual la sanción de eliminar las alegaciones mediante la anotación de la rebeldía a la parte demandada. Incluso, en la referida *Orden* de 18 de marzo de 2022, el TPI tampoco hizo alusión al aumento en la sanción de $150.00 a $300.00, por lo que, la Corporación RRG ni su representación legal fueron debidamente notificados para dar cumplimiento a la misma.

Cabe puntualizar que, la Regla 45.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1, versa sobre la anotación de rebeldía, y dispone en su última oración que, la omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía. A poco examinar parecería que, dicha regla permite obviar la notificación de una anotación de rebeldía en la que se eliminan las alegaciones, como sanción previa a, dictar una sentencia en rebeldía. Sin embargo, nuestro análisis, tanto de la Regla 45.1 como de la Regla 39.2 (a), nos lleva a otra conclusión.

De un examen sosegado de dichas disposiciones reconocemos que, ambas versan sobre la anotación de rebeldía y sus efectos. No obstante, la anotación de rebeldía relacionada a la sanción de eliminación de alegaciones ante incumplimientos con órdenes del tribunal, más bien se da dentro del contexto de sanciones progresivas en donde el legislador específicamente dispuso que, la notificación es requerida, primero a la representación legal y luego directamente a la parte. De hecho, como se sabe, nuestro Alto Foro así lo ha reiterado mediante la jurisprudencia antes citada.

Distinto es el escenario en donde el tribunal deja de anotar una rebeldía, previo a dictar una sentencia en rebeldía por falta de contestación a una demanda, conforme a lo expuesto en la Regla 45.1, *supra.* Mediante un buen ejercicio de hermenéutica colegimos

que, la interrelación y propósito de ambas disposiciones procesales ciertamente versan sobre la anotación de rebeldía y sus efectos. Sin embargo, la eliminación de las alegaciones de una parte demandada -como sanción- mediante la anotación de rebeldía, se da en el contexto de sanciones progresivas cuya notificación está expresamente estatuida en la Regla 39.2(a), *supra*. En su consecuencia y según la normativa antes expuesta, la falta de notificación impide que las órdenes judiciales surtan efecto. Por ello, concluimos que, en este caso, la falta de notificación de la determinación decretando la eliminación de las alegaciones y al aumento de la sanción monetaria derrota la eficacia del dictamen apelado.

Al amparo de las disposiciones relacionadas al debido proceso de ley, ante la falta de notificación de la minuta resolución emitida el 21 de enero de 2023, nos vemos en la obligación de dejar sin efecto el dictamen apelado.

**IV.**

Por los fundamentos antes expuestos, revocamos la *Sentencia* en rebeldía apelada y devolvemos al caso al TPI para la continuación de los procedimientos, conforme a lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones